COMMONWEALTH of Pennsylvania,
Appellee

v.

Raymond Douglas PARTEE, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 6, 2014.

Filed Feb. 20, 2014.

Suzanne M. Swan, Public Defender and Victoria H. Vidt, Public Defender, Pittsburg, for appellant.

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J.E., BOWES, and WECHT, JJ.

OPINION BY BOWES, J.:

Raymond Douglas Partee appeals from the April 25, 2013 order treating his petition seeking enforcement of plea agreement as a PCRA petition and dismissing it as patently under Pa.R.Crim.P. 907. We agree with Appellant that the relief sought is not cognizable under the PCRA and that it was error to treat it as such. However, Appellant is not entitled to specific performance of a negotiated plea bargain that he subsequently breached. Hence, we affirm.

On September 17, 2007, Appellant entered a negotiated *nolo contendere* plea to indecent assault (person under age of thirteen), corruption of minors, and endangering the welfare of children. Pursuant to the agreement, counts one and two of the information, rape and incest, were withdrawn. Appellant was sentenced to intermediate punishment for six months, followed by a four-year probationary term.

On May 11, 2010, following a hearing, Appellant was found to be in violation of his probation[1] and sentenced at count three, indecent assault, to a term of imprisonment of thirty to sixty months, with credit from February 2, 2010. His motion for reconsideration of sentence was denied.

On June 2, 2011, Appellant filed a PCRA petition seeking reinstatement of his appellate rights regarding the VOP sentence. Counsel was appointed and filed an amended petition. Appellant's right to appeal the May 11, 2010 sentence was reinstated, a notice of appeal was filed, and this Court affirmed judgment of sentence on June 19, 2012. *Commonwealth v. Partee*, 53 A.3d 935 (Pa.Super.2012) (unpublished memorandum).

Appellant filed a petition for *habeas corpus* and/or seeking enforcement of a plea agreement on February 19, 2013. The Commonwealth treated the petition as a PCRA petition and filed an answer. The trial court issued Pa.R.Crim.P. 907 notice of intent to dismiss on March 5, 2013, and Appellant filed a response. On April 25, 2013, the trial court dismissed the petition, and this appeal ensued. Appellant complied with the court's order to file a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal and the court issued its Rule 1925(a) opinion. Appellant presents the following issues:

I.  Did the trial court err in dismissing Mr. Partee's petition to enforce his plea agreement?

(A) Did the court err in construing the petition as a PCRA petition, and calling it "patently frivolous?"

(B) Should the terms of Mr. Partee's plea agreement, including the length of time he will be required to register under the Adam Walsh Act, be strictly enforced?

Appellant's brief at 5. The Sex Offender Registration and Notification Act ("SORNA"), commonly referred to as the Adam Walsh Act, became effective on December 20, 2012. By its terms, any individual who was then being supervised by the board of probation or parole was subject to its provisions. A conviction for indecent assault was designated therein as a Tier II sexual offense, subjecting a defendant to a twenty-five-year registration requirement.

Preliminarily, we examine whether the trial court was correct in treating Appel-

---

1.  Initially, Appellant was found to be in technical violation of his probation for alcohol and drug related violations and failure to report. However, on May 10, 2010, he was convicted of failure to comply with sexual offender registration and was sentenced to one year of probation.

lant's petition as a PCRA petition. The Commonwealth maintains that it is a PCRA petition and that it is untimely because it was filed more than sixty days after the passage of the Adam Walsh Act, which increased the duration of the reporting requirements. Appellant counters that it is not a PCRA petition as the relief sought is not cognizable under the PCRA. Consequently, the PCRA's time bar is inapplicable. The trial court concluded that it was a PCRA petition, but under the doctrine of ripeness, the harm to Appellant occurred in December 2012, when the amendments became effective. Since the within petition was filed within sixty days of the application of the amendments to Appellant, it found the petition was timely.

■ In support of his position that his petition should not be treated as a PCRA petition, Appellant directs our attention to two recent decisions where our Supreme Court determined that petitions fell outside the scope of the PCRA. In *Commonwealth v. West*, 595 Pa. 483, 938 A.2d 1034 (2007), our High Court held that a due process challenge based on a nine-year delay between imposition of sentence and incarceration on that sentence fell outside the ambit of the PCRA. Since the allegation did not fall within any of the statutory bases for relief set forth in 42 Pa.C.S. § 9543(b)(2), it was properly reviewed as a petition for *habeas corpus*. In *Commonwealth v. Judge*, 591 Pa. 126, 916 A.2d 511 (2007), the Court held that petitioner's claim that his deportation violated an international agreement fell outside the scope of the PCRA. The petitioner was not asserting his innocence or challenging the legality of his sentence.

We note that the within petition is not an attack on Appellant's sentence, nor is he alleging that he is innocent of the offenses of which he was convicted. Appellant is not asserting that his conviction or sentence resulted from a violation of the Constitution, ineffective assistance of counsel, an unlawfully-induced plea, obstruction by government officials of his right to appeal, newly-discovered evidence, an illegal sentence, or a lack of jurisdiction. 42 Pa. C.S. § 9543(a)(2). In short, we agree with Appellant that his claim does not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions. *See Commonwealth v. Masker*, 34 A.3d 841, 843–844 (Pa.Super.2011) (*en banc*) (holding that a challenge to the classification of the defendant as a SVP is not a challenge to the conviction or sentence, and therefore not cognizable under the PCRA). Furthermore, it is not subject to the PCRA's time constraints, and hence, we have jurisdiction to entertain it. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super.2001).

Appellant argues that the ten-year registration requirement was an essential term of his plea agreement and that it should be specifically enforced. In a post-submission communication, he directs our attention to this Court's recent *en banc* decision in *Commonwealth v. Hainesworth*, 2013 PA Super 318, 82 A.3d 444 (2013), wherein this Court specifically enforced a negotiated plea agreement that did not require the defendant to report as a sex offender under Megan's Law, despite subsequent amendments to the statute that would have subjected him to reporting requirements. Hainesworth entered a negotiated guilty plea to three counts each of statutory sexual assault and indecent assault, and one count each of indecent assault and criminal use of a communication facility in February 2009. None of these convictions required registration under the then-prevailing version of Megan's Law, 42 Pa.C.S. § 9791. Other charges that would have imposed a registration requirement

were withdrawn by the Commonwealth pursuant to the plea negotiations.

Hainesworth filed a motion seeking to terminate supervision effective one week prior to the effective date of SORNA. The trial court denied the petition to terminate supervision, but held that application of SORNA's registration requirements to Hainesworth violated due process.

■ On appeal, this Court, sitting *en banc*, concluded first that Hainesworth correctly framed the issue as one of contract law, and applied the standard of review applicable to whether a plea agreement has been breached: "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Hainesworth, supra* (quoting *Commonwealth v. Fruehan*, 384 Pa.Super. 156, 557 A.2d 1093, 1095 (1989)). We look to the "totality of the surrounding circumstances" and "[a]ny ambiguities in the terms of the plea agreement are construed against the [Commonwealth]." *Commonwealth v. Kroh*, 440 Pa.Super. 1, 654 A.2d 1168, 1172 (1995). The dispositive question was "whether registration was a term of the bargain struck by the parties." *Id.* at 448. We examined the record. The terms of the plea agreement were set forth and included a discussion of the fact that the offenses to which the defendant was pleading guilty did not require registration and supervision as a sex offender. We distinguished *Commonwealth v. Benner*, 853 A.2d 1068 (Pa.Super.2004) (Benner was always subject to a reporting requirement, albeit ten years instead of a lifetime, and the record did not support Benner's contention that he had bargained for non-registration as a term of his plea), and held that the plea agreement "appears to have been precisely structured so that Hainesworth would not be subjected to a registration requirement." *Hainesworth*, at 448.

Our first inquiry herein is whether, looking at the totality of the circumstances, this case falls within *Benner* or *Hainesworth*. Appellant negotiated a plea bargain that would only require him to register for a ten-year period, rather than for a lifetime. Appellant read, answered, and signed a written colloquy acknowledging that there was a plea bargain in this case and that he was "willing to enter a plea to the offenses specified." Colloquy, 9/17/07, at 9 # 60. At the *nolo contendere* plea/sentencing hearing on September 17, 2007, the following exchange took place:

The Court: Mr. Hoffman, I understand that you and Mr. Nightingale have reached a plea agreement in this case?

Mr. Hoffman: We have, Your Honor. Commonwealth agrees to drop the counts of rape and incest. There's going to be a nolo contendere plea entered to the counts of indecent assault, corruption of minors, and endangering welfare.

There's going to be a period of six months' house arrest and, in addition to that, probation to be set by the Court, Your Honor.

Mr. Nightingale: And it's further our understanding the sentence will be at indecent assault only. We understand the Megan's Law reporting requirement. We had a brief discussion about whether or not my client would be released pending being hooked up on house arrest. . . .

N.T. Nolo Contendere Plea/Sentencing, 9/17/07, at 2–3.

The Court commenced its colloquy of Appellant:

The Court: Do you understand Counts 1 and 2 have been withdrawn. Count 3 charges you with indecent assault. . . .

Do you understand the charges against you?

The Defendant: Yes, Ma'am.

The Court: Mr. Hoffman, would you incorporate into the plea agreement the testimony of the trial this morning?

Mr. Hoffman: I would, Your Honor.

*Id.* at 4–5.

The Court: Okay. Mr. Partee, you also filled out the explanation of Megan's rights, and you understand that you will have to register for ten years? There, of course, will be no assessment to determine whether Mr. Partee is an SVP; is that correct?

Mr. Hoffman: That is correct, Your Honor.

*Id.* at 6–7.

The explanation of Megan's Law rights form to which the court referred provided in pertinent part:

2. Do you understand the charges to which you are pleading guilty/nolo contendere require you to register as a "sexual offender" for a period of 10 years (assistant district Attorney to check appropriate line)

__X__Ten years __X__Yes

_____No

Megan's Law Explanation of Rights Form, 9/13/07, at 1.

Herein, Appellant was subject to a ten-year reporting requirement under the terms of the plea agreement and there is no indication that he bargained for non-registration as a part of his plea. However, the ten-year Megan's Law registration period was discussed at the plea proceeding. While it was not an explicit term of the negotiated plea, it is apparent that Appellant's negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement, distinguishing the facts herein from those in *Benner*. The two charges carrying a lifetime registration requirement were withdrawn by the Commonwealth as part of the negotiations, leaving Appellant subject to the less onerous ten-year reporting requirement then imposed on indecent assault. Under our reasoning in *Hainesworth,* Appellant arguably would be entitled to the benefit of that bargain.

The Commonwealth argues, however, that to the extent that Appellant's original sentence, including the Megan's Law registration requirement, are seen as a product of the 2007 plea agreement, Appellant's subsequent violation of his probation constituted a breach of that agreement. Thus, the Commonwealth maintains that Appellant cannot seek specific performance of the underlying plea agreement as there is no longer a plea bargain to enforce. It cites *Commonwealth v. Parsons,* 969 A.2d 1259 (Pa.Super.2009), for the proposition that "where the original sentence evolved from a plea bargain, and a defendant later violates his parole or probation, the defendant has effectively abrogated the underlying plea bargain." *Id.* at 1270 n. 6. "[U]pon revocation of probation, the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing." 42 Pa. C.S. § 9771.

As our Supreme Court held in *Commonwealth v. Wallace,* 582 Pa. 234, 870 A.2d 838, 842–43 (2005), where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor. The Court explained,

> The rationale for giving the trial court such discretion upon resentencing is grounded in the nature of a negotiated guilty plea, which is a two-sided agreement that imposes obligations on both the defendant and the Commonwealth.

On the one hand, the Commonwealth agrees not to prosecute the defendant to the full extent of the law and to recommend a circumscribed punishment. The defendant, on the other hand, accepts this benefit with the implicit promise that he will abide by the terms of the agreement and behave in accordance with the legal punishment imposed by the court. *See Commonwealth v. Coles,* 365 Pa.Super. 562, 530 A.2d 453 (Pa.Super.1987) (holding that the benefit of the bargain principle commonly applied to the prosecution is also equally applicable to the defendant and imparts upon him the obligation to abide by the negotiated terms of his sentence).

*Id.* at 843 n. 6. *See also Commonwealth v. Tann,* 79 A.3d 1130, 1133 (Pa.Super.2013) (citing *Wallace* for the proposition that once defendant violated the terms of his probation, he "forfeited the benefit of the expectations that induced his plea.").

Appellant does not address the Commonwealth's argument or the legal effect of his probation violation upon the original plea agreement. We agree with the Commonwealth that, having failed to abide by the terms of the plea bargain, that agreement is no longer in effect, and hence, Appellant is not entitled to specific performance. *Hainesworth* is not controlling.

Order affirmed.