J-A27039-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THURMAN PERRY KING, | : | |
| | : | |
| Appellant | : | No. 129 WDA 2014 |

Appeal from the Order entered on December 26, 2013
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0000443-2007

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED OCTOBER 10, 2014**

Thurman Perry King ("King") appeals from the Order directing that, pursuant to the Sex Offender Registration and Notification Act ("SORNA"),[1] he must register with the Pennsylvania State Police as a sexual offender for life, and denying his Petition seeking specific enforcement of his underlying negotiated guilty plea agreement, which provided for a ten-year registration period.  We reverse and remand for the trial court to re-impose the ten-year registration period.

In January 2007, the Commonwealth charged King with indecent assault of a minor less than thirteen years of age, endangering the welfare of children, and corruption of minors.  On June 21, 2007, King pled guilty to

---

[1] **See** 42 Pa.C.S.A. § 9799, *et seq.*

indecent assault of a minor less than thirteen years of age.[2] Significantly, King's guilty plea was the result of a negotiated agreement, wherein the Commonwealth agreed that it would withdraw the corruption of minors and endangering the welfare of children charges and recommend a sentence of 11½ to 23 months in jail (with credit for time served).

At the time of King's plea, the offense of indecent assault of a minor less than thirteen years of age required a period of sexual offender registration of ten years under Megan's Law II.[3] Importantly, at the guilty plea hearing, the prosecutor stated, regarding the negotiated plea agreement, that there was a stipulation between the parties that the offense for which King agreed to plead guilty required a ten-year registration period. *See* N.T., 6/21/07, at 2-3. King stated at the hearing that he understood this term of the plea agreement. *Id.* at 4.[4]

The trial court judge, the Honorable Lester G. Nauhaus ("Judge Nauhaus"), sentenced King, pursuant to the plea agreement, to 11½ to 23 months in jail, followed by two years of probation, and advised him that he must register as a sexual offender for ten years. *Id.* at 4, 10. King was

---

[2] *See* 18 Pa.C.S.A. § 3126(a)(7).

[3] *See* 42 Pa.C.S.A. § 9795.1(a)(1). This statutory provision expired in December 2012, and was replaced by the provisions of SORNA. *See* 42 Pa.C.S.A. § 9799.41.

[4] King also completed a "Explanation of Megan's Law Rights" form, wherein he affirmed that he understood the ten-year registration requirement.

immediately released on parole. He did not appeal his judgment of sentence.

Effective on December 20, 2012, the legislature enacted SORNA, which applies, *inter alia*, to "[a]n individual who, on or after the effective date of this section, is, as a result of a conviction for a sexually violent offense, … being supervised by the Pennsylvania Board of Probation and Parole …."[5] 42 Pa.C.S.A. § 9799.13(2); **see also id.** § 9799.14(d)(8) (including indecent assault of a minor less than thirteen years of age as a sexually violent offense). In June 2013, King received notification that, under the new provisions of SORNA, he would be required to register as a sexual offender for life,[6] rather than the ten-year period previously imposed as part of his negotiated plea.

On August 16, 2013, King filed a "Petition Seeking to Enforce a Plea Agreement" (hereinafter "Petition to Enforce"), arguing that the ten-year registration period was an essential term of his plea agreement, and it must be specifically enforced. In other words, King sought to avoid the retroactive application of SORNA's lifetime registration requirement. The

---

[5] SORNA applies to King's case because he will remain under supervision until 2025. **See** N.T., 6/21/07, at 10.

[6] Under SORNA, a conviction for indecent assault of a minor less than thirteen years of age is designated as a "Tier III sexual offense," subjecting a defendant convicted of this offense to a lifetime registration requirement. 42 Pa.C.S.A. § 9799.14(d)(8); **id.** § 9799.15(a)(3). Although an amendment to SORNA was enacted on March 14, 2014, the amended version retains the lifetime registration requirement.

Commonwealth filed an Answer asserting that the Petition to Enforce must be treated as a Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),[7] and King was not entitled to collateral relief because the Petition to Enforce was not filed within the jurisdictional time limitations of the PCRA.[8]

In December 2013, King's counsel filed a Supplement to the Petition to Enforce, bringing to Judge Nauhaus's attention this Court's recently issued decision in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*). The **Hainesworth** Court held that the length of the required statutory period for sexual offender registration may constitute an enforceable component of a plea agreement. **See id.** at 450 (where the defendant had specifically negotiated with the Commonwealth to withdraw all sexual offense charges that required registration in exchange for his

---

[7] **See** 42 Pa.C.S.A. §§ 9541-9546.

[8] We observe that King's Petition to Enforce did not, in fact, fall under the provisions of the PCRA. This Court has held that a petition seeking enforcement of a plea agreement, which includes a sexual offense that requires the defendant to register as a sex offender, does not fall under the PCRA and is not subject to the PCRA's timeliness requirements. **Commonwealth v. Bundy**, 96 A.3d 390, 394 (Pa. Super. 2014) (collecting cases and holding that "the statutory and rule-based requirements governing a PCRA petition do not apply to a challenge to the retroactive application of [SORNA], but [] this Court has jurisdiction to review orders confirming or rejecting a retroactive registration requirement."); **Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super. 2014) (holding that a challenge to the retroactive application of SORNA "[did] not fall within the scope of the PCRA and should not be reviewed under the standard applicable to the dismissal of PCRA petitions."); **see also** Trial Court Order, 12/26/13, at ¶ 4 (wherein Judge Nauhaus correctly found that the Petition to Enforce did not fall under the PCRA).

guilty plea, holding that requiring him to register as a sexual offender by retroactively applying SORNA would unfairly deprive him of the benefit of his plea bargain).

On December 26, 2013, Judge Nauhaus issued an Order denying King's Petition to Enforce, stating as follows:

> This Court has determined that the Pennsylvania Superior Court decision [] **Hainesworth** … is not applicable to the instant matter because the charges to which the **Hainesworth** defendant pled guilty did not carry any registration requirement under Megan[']s Law at the time the guilty plea was entered. Therefore, registration was not a collateral consequence of the guilty plea in **Hainesworth**.
>
> This Court finds that [King] is not entitled to relief because the registration requirements of Megan's Law II and [SORNA] do not impose criminal penalties[,] and consequently are not part of [King's] plea bargain. The registration requirements are collateral, not direct consequences of conviction. Lifetime registration requirements do not punish the offender[,] but instead help ensure public safety. Since lifetime registration requirements are a collateral consequence of a plea, rather than a direct consequence of the plea, they do not affect the voluntariness of a plea. Collateral consequences of a plea do not affect the legality of a plea and are not related to the length or nature of the sentence imposed on the basis of the plea. **Commonwealth v. Leidig**, 598 Pa. 211, 956 A.2d 399 (2008).

Order, 12/26/13, at ¶¶ 5-6 (numbering omitted). King timely filed a Notice of Appeal.

King presents the following issue for our review: "Did the trial court err in refusing to impose the period of registration as a sex offender under SORNA … that was initially imposed and agreed upon, such that [King] may

obtain the benefit of his plea bargain and only register for a 10[-]year period?" Brief for Appellant at 6 (capitalization omitted).

Because King's issue presents a pure question of law, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Raban**, 85 A.3d 467, 468 (Pa. 2014).

King argues that Judge Nauhaus erred as a matter of law by refusing to specifically enforce the ten-year registration period, as it was an essential and bargained-for term of his negotiated plea agreement. Brief for Appellant at 10-11. King points out Judge Nauhaus's conclusion in his Pa.R.A.P. 1925(a) Opinion, that "**Hainesworth** … is not applicable to the instant matter because the charges to which the **Hainesworth** defendant pled guilty did not carry any registration requirement under Megan[']s Law at the time the guilty plea was entered[,]" Order, 12/26/13, at ¶ 5, whereas King had negotiated to plead guilty to an offense that had a ten-year registration requirement. Brief for Appellant at 13. According to King, this factual difference is completely irrelevant, and the holding in **Hainesworth** directly applies to the instant case. Brief for Appellant at 14. Additionally, King urges us to hold that "the SORNA provisions regarding registration cannot … be deemed mere 'collateral consequences' of the conviction." **Id.** at 17; **see also id.** (arguing that "[t]he fact that previous registration provisions under the Megan's Law statutes that had been in force before SORNA were historically called 'collateral' (**see** [] **Leidig**[**, supra**], cited by [Judge

- 6 -

Nauhaus in support of his ruling]) does not preserve the collateral status in this current legislation.").

In **Hainesworth**, the defendant entered a negotiated guilty plea to several sexual offenses and related charges, none of which required registration under the then-prevailing version of Megan's Law. **Hainesworth**, 82 A.3d at 445, 446. Pursuant to the plea negotiations, the Commonwealth withdrew three other charges, two of which would have imposed a registration requirement. **Id.** Additionally, the defendant's guilty plea colloquy specified that he was not required to register as a sexual offender. **Id.** at 446.

Approximately three years after the imposition of the defendant's sentence, while he was still on probation, he filed a motion "[i]n contemplation" of the new registration requirements to which he would be subjected when SORNA became effective in December 2012. **Id.** In response, the trial court issued an order ruling that the defendant shall not be subject to the registration requirements of SORNA because application of the statute to defendant would deprive him of the benefit of the bargain he had reached with the Commonwealth in his plea agreement. **Id.** at 446-47.

On appeal, this Court stated that "the dispositive question is whether

registration was a term of the bargain[9] struck by the parties to this appeal." *Id.* at 448 (footnote added). The *Hainesworth* Court determined that non-registration under Megan's Law was a term of the plea agreement, and held that, therefore, it would be improper to require the defendant to register as a sexual offender under SORNA, as such would deprive him of the benefit of his bargain. *Id.* at 450.[10]

In the instant case, the Commonwealth argues Judge Nauhaus properly distinguished *Hainesworth*. *See* Brief for the Commonwealth at 11-14 (wherein the Commonwealth largely relies upon two prior cases that the *Hainesworth* Court distinguished, *Commonwealth v. Benner*, 853 A.2d 1068 (Pa. Super. 2004), and *Leidig, supra*). We disagree.

This Court, in *Commonwealth v. Nase*, 2014 PA Super 194 (Pa. Super., filed Sept. 9, 2014), addressed the same argument presented by the Commonwealth in the instant case, and discussed *Leidig* and *Benner*, stating as follows:

> As in *Hainesworth*, the Commonwealth relies on our Supreme Court's decision in [] *Leidig* ..., and this Court's decision in *Benner*. In *Leidig*, our Supreme Court considered whether the "failure of a trial court to accurately advise a defendant of the duration of the Megan's Law registration period

---

[9] In *Partee, supra*, this Court analyzed *Hainesworth* and held that it is not necessary for a bargained-for period of sexual offender registration to be an explicit term of a negotiated plea. *Partee*, 86 A.3d at 249.

[10] The *Hainesworth* Court declined to address the Commonwealth's contention that the sexual offender registration requirements under SORNA must be viewed as non-punitive "collateral consequences" of a conviction. *Hainesworth*, 82 A.3d at 449 n.4.

constitutes grounds for withdrawal of the plea." ***Leidig, supra*** at 403. Therein, the defendant entered an open *nolo contendere* [plea] to aggravated indecent assault on September 18, 2002, based on the assault of his thirteen-year-old step-daughter in June of 2000. At the time of the offense, Megan's Law required registration for a period of ten years; however, when the defendant entered his plea, the law mandated lifetime registration.

Importantly, during the plea proceeding, unlike herein, [and unlike in King's case,] there was no mention of the registration requirements under Megan's Law. At sentencing, the trial court advised the defendant that he would be subject to a ten-year registration period. On that same date, after sentencing, both the prosecution and defense counsel alerted the court that under Megan's Law II, then in effect, lifetime registration was required for aggravated indecent assault. Nonetheless, the court and parties mistakenly agreed that Leidig would only be subject to a ten-year period of registration. Upon learning that he would be required to register for life, Leidig filed a motion to withdraw his plea, contending that it was not knowing, intelligent, and voluntary. The trial court denied the motion, but opined that Leidig should only be subject to the ten-year reporting requirement.

This Court concluded that Leidig was not entitled to withdraw his plea and that he had to register for life. The Pennsylvania Supreme Court affirmed. The High Court reasoned that because Megan's Law registration requirements are a civil collateral consequence of a plea, the sentencing court's error did not result in an involuntary and unknowing plea.

The ***Leidig*** Court was not faced with the question of whether the parties negotiated the registration requirement as part of the plea agreement. Pointedly, it is evident that registration was not part of the negotiations[,] since no mention of registration was made during the plea proceeding and the parties did not become aware of the discrepancy in registration requirements until after sentencing. Furthermore, Leidig was attempting to withdraw his plea, not enforce it based on the negotiated terms of the plea. Thus, we find ***Leidig*** is not dispositive. …

In **Benner**, the defendant pled guilty to aggravated indecent assault on February 23, 1999. The [trial] court sentenced him on April 14, 1999, to two and one-half to five years [of] incarceration. At the time of his plea and sentencing, Megan's Law I was in effect. That law required a ten-year period of registration. Subsequently, Benner was granted parole, but, as a condition of his release, prison officials notified him that he had to comply with Megan's Law II. That law mandated lifetime reporting for those convicted of aggravated indecent assault.

Benner filed a motion seeking to excuse further compliance with the lifetime registration requirement. The trial court denied the motion and Benner appealed. Benner argued that he negotiated to avoid registration under Megan's Law I, and that because he had not been given a Megan's Law colloquy, his plea was involuntary and unlawful. In the alternative, Benner posited that he should only be subject to registration for ten years.

Finding nothing in the record to support that position, we rejected Benner's claim that he relied on representations by the prosecution that he would not have to register. Additionally, we held that, because registration was a collateral consequence of his plea, the [trial] court's failure to colloquy him on Megan's Law did not invalidate his plea. The **Benner** Court then proceeded to analyze whether he was subject to the ten-year registration provision of Megan's Law I or lifetime reporting. … Ultimately, the **Benner** panel concluded that, "the collateral effect of current legislation may be imposed on the defendant so long as he remains in the custody of correctional authorities to discharge any part of his sentence for the sex offense[.]" **Id.** at 1068.

**Nase**, 2014 PA Super 194, at **12-17. The **Nase** Court emphasized that

"unlike **Benner**, … the record in this case does establish that a ten-year

period of registration was part of [a]ppellant's plea agreement."[11] *Id.* at *17. Based upon this determination, the *Nase* Court held, *Hainesworth* was controlling, and the appellant "is entitled to the benefit of his bargain, and is not subject to additional registration beyond that envisioned by his plea agreement." *Id.* at *19.

Here, we conclude that *Hainesworth* and *Nase* control the outcome, and Judge Nauhaus erred in finding otherwise. Moreover, contrary to Judge Nauhaus's determination, it is of no moment that the circumstances of this case differ from those in *Hainesworth*, in that the charges to which Hainesworth pled guilty did not carry any registration requirement under Megan's Law at the time he entered the guilty plea. *See, e.g., Nase*, 2014 PA Super 194, at **1-2, 19 (where one of the charges to which the appellant pled guilty required a ten-year registration period at the time he entered the plea, holding that *Hainesworth* controlled). Accordingly, King is entitled to specific enforcement of the ten-year registration term of his negotiated plea agreement.

Finally, at this time, like the Courts in *Hainesworth* and *Nase*, we decline to specifically address whether the registration requirements under SORNA must be viewed as collateral consequences of a conviction. *See*

---

[11] Again, the Commonwealth in the instant appeal concedes that the prosecutor stipulated, as part of King's plea negotiations, that the offense for which King agreed to plead guilty would require him to register as a sexual offender for ten years. *See* Brief for Commonwealth at 9; *see also* N.T. (guilty plea hearing), 6/21/07, at 2-3.

***Hainesworth***, 82 A.3d at 449 n.4; ***see also Nase***, 2014 PA Super 194, at *15 (stating that "***Hainesworth*** demonstrates that the collateral consequence construct does not eliminate the requirement that courts enforce bargained-for exchanges where the parties negotiate over a collateral consequence of a plea.").

Based upon the foregoing, we reverse the December 26, 2013 Order directing that King must register as a sexual offender for life under SORNA, and remand the case for the trial court to re-impose the ten-year registration period pursuant to King's negotiated plea agreement.

Order reversed; case remanded for further proceedings consistent with this Memorandum; jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/10/2014