J-A07033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GLENN TAULTON | |
| Appellant | No. 1211 WDA 2014 |

Appeal from the Order June 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006238-2009

BEFORE:  BENDER, P.J.E., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.: **FILED MARCH 6, 2015**

Appellant, Glenn Taulton, appeals from the June 24, 2014 order, denying his "Petition Seeking Enforcement of Plea Agreement."  After careful review, we affirm.

Briefly, on January 4, 2010, Appellant pled guilty to one count each of indecent assault and endangering the welfare of a child (EWOC)[1] and was sentenced to two years' probation, plus a ten-year sex offender registration term that same day.  On December 20, 2012, Pennsylvania's Sex Offender Registration and Notification Act (SORNA) went into effect, retroactively requiring lifetime registration.  Appellant filed a "Petition Seeking Enforcement of Plea Agreement" on December 18, 2013, along with a

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 4304(a), respectively.

supplemental petition on June 19, 2014. On June 24, 2014, the trial court entered an order denying the petitions. On July 21, 2014, Appellant filed a timely notice of appeal.[2]

Appellant raises two arguments on appeal. First, he argues that he is entitled to the benefit of his plea bargain, *i.e.*, the original ten-year registration term pursuant to this Court's decision in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014). Appellant's Brief at 25. Second, Appellant avers the retroactive application of SORNA violates the *Ex Post Facto* Clauses of the Federal and Pennsylvania Constitutions. **Id.** at 26.

Turning to Appellant's first issue, assuming *arguendo* that Appellant would be entitled to relief under **Hainesworth**, Appellant acknowledges that he has since violated the terms of his probation. **Id.** at 17. This Court recently held that when this occurs, the defendant has breached the plea agreement and therefore **Hainesworth** does not apply. **Commonwealth v. Partee**, 86 A.3d 245, 250 (Pa. Super. 2014), *appeal denied*, 97 A.3d 744 (Pa. 2014). This Court also recently held the retroactive application of

---

[2] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

SORNA does not violate the *Ex Post Facto* Clauses.[3]  ***Commonwealth v. Perez***, 97 A.3d 747, 760 (Pa. Super. 2014).  Appellant acknowledges both ***Partee*** and ***Perez***, but also argues they were wrongly decided.  Appellant's Brief at 18, 29-30.  It is axiomatic that a three-judge panel is bound by previous panel opinions unless overruled by this Court sitting *en banc*, our Supreme Court, or the United States Supreme Court.  ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006) (citation omitted), *cert. denied*, ***Pepe v. Pennsylvania***, 566 U.S. 881 (2008).  As a result, Appellant is not entitled to relief.

Based on the foregoing, we conclude both of Appellant's issues are devoid of merit.  Accordingly, the trial court's June 24, 2014 order is affirmed.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/6/2015

---

[3] As in ***Perez***, Appellant does not argue that the Pennsylvania Constitution provides greater protection than the Federal Constitution.  ***See generally Commonwealth v. Edmunds***, 586 A.2d 887, 895 (Pa. 1991).