J-S39038-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RUSSELL BARRY HARKINS, | : | |
| | : | |
| Appellant | : | No. 66 WDA 2017 |

Appeal from the PCRA Order December 6, 2016
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002213-2002

BEFORE:    BENDER, P.J.E., BOWES, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED AUGUST 18, 2017**

Russell Harkins (Appellant) appeals from the order entered on December 6, 2016, in which the trial court denied Appellant's motion to enforce the terms of his plea agreement and preclude application of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41. After review, we vacate the trial court's order and remand for proceedings consistent with this memorandum.

On September 26, 2002, Appellant was charged with one count of criminal attempt, one count of rape, two counts of involuntary deviate sexual intercourse (IDSI), five counts of indecent assault, and one count of corruption of minors for conduct alleged to have occurred in May 2002. Appellant agreed to plead guilty to two counts of IDSI, three counts of indecent assault, and one count of corruption of minors; in exchange, the

*Retired Senior Judge assigned to the Superior Court.

Commonwealth agreed to *nolle prosse* the remaining counts. **See** Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 10/7/2002.

Appellant's plea was accepted by the court, and on November 25, 2002, Appellant was sentenced to five to twelve years of incarceration for IDSI at count three; five to twelve years of incarceration for IDSI at count four, concurrent to count three; one to two years of incarceration for each count of indecent assault at counts five, six and seven, concurrent to count three; and one to two years of incarceration for corruption of minors at count ten, concurrent to count three. At the time Appellant plead guilty, IDSI was an enumerated offense under the then-current version of Megan's Law, commonly known as Megan's Law II, requiring Appellant to register with the state police for the remainder of his lifetime. **See** 42 Pa.C.S. § 9795.1(b)(2) (expired).

Prior to entering into his plea, Appellant signed a written Megan's Law colloquy indicating, *inter alia*, that he understood as a result of pleading guilty to two counts of IDSI, he would be "required to register with the Pennsylvania State Police for a period of _____ (at least ten [] years *or* lifetime)" from his release from incarceration. Addendum to Guilty Plea Statement Sexually Violent Offenders, 10/7/2002, at 1 (emphasis in original). The space was left blank and no exact term was specified. No post-sentence motion or direct appeal was filed.

Appellant was paroled to a community correction center on December 10, 2010, and his sentence expired on May 24, 2014. Meanwhile, on December 20, 2011, the legislature enacted SORNA. *See* 42 Pa.C.S. §§ 9799.10 and 9799.41. SORNA became effective on December 20, 2012. SORNA increased the registration period for certain crimes, but the registration requirement for those convicted of IDSI remained a lifetime registration. ***Compare*** 42 Pa.C.S. § 9795.1(b)(2) (expired) ***with*** 42 Pa.C.S. § 9799.14(d)(4) and § 9799.15(a)(3). Although it did not increase the period of registration for IDSI, SORNA did enhance registration requirements for IDSI and other Tier III offenses, including quarterly in-person reporting and dissemination of personal information *via* an Internet website. ***Commonwealth v. Muniz***, ___ A.3d ___ (Pa. July 17, 2017) (slip. op. at 40), (citing ***Commonwealth v. Perez***, 97 A.3d 747, 765 (Donohue, J. concurring)). Because Appellant was still required to register with the state police at the time SORNA went into effect, SORNA purported to impose the new registration requirements and other provisions of SORNA on him retroactively. 42 Pa.C.S. § 9799.13(3)(i) (requiring any individual who had not completed his or her registration period under prior registration statutes as of SORNA's December 20, 2012 effective date to register and comply with SORNA).

On July 20, 2016, Appellant filed *pro se* a motion, wherein he argued that SORNA should not apply to him. Motion to Enforce Specific Terms of

Plea Agreement, 7/20/2016, at 1. Interpreting Appellant's motion as a petition under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, the trial court appointed Attorney William Hathaway as counsel for Appellant and permitted counsel to file a supplemental petition. Attorney Hathaway did so on October 17, 2016, arguing, *inter alia*, that SORNA cannot *ex post facto* impose heightened and more punitive conditions upon Appellant. Supplement to Motion for Post-Conviction Relief, 10/17/2016, at 1.

On November 9, 2016, the trial court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, and dismissed Appellant's petition by order dated December 6, 2016.

This timely-filed appeal followed.[1] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises one issue for our review:

Whether the lower court committed legal error and abused its discretion in failing to grant PCRA relief in that the terms of [Appellant's] plea agreement were violated in that he should be subject to the reporting requirements then existing at the time of the entry of the pleas [*sic*] and not the heightened requirements of SORNA passed in 2011?

Appellant's Brief at 2. Although Appellant's analysis is rather sparse, Appellant maintains his argument on appeal that SORNA cannot impose

---

[1] Appellant filed a notice of appeal *pro se* on December 14, 2016. The clerk of records for Erie County forwarded it to Attorney Hathaway pursuant to Pa.R.Crim.P. 576(A)(4), who then filed a notice of appeal on Appellant's behalf on January 5, 2017.

heightened and more punitive conditions upon him *ex post facto*. Appellant's Brief at 4.

While this appeal was pending, our Supreme Court issued its decision in *Muniz*.[2] Muniz was convicted of two counts of indecent assault in 2007. He was scheduled for sentencing later that year, "at which time he would have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III."[3] *Muniz*, __ A.3d at __ (slip. op. at 2) (citing 42 Pa.C.S. § 9795.1 (expired)). Before he could be sentenced, Muniz absconded, and was later sentenced in 2014 after he was apprehended. *Id.* at __ (slip. op. at 2-3).

At his sentencing in 2014, Muniz was ordered to comply with lifetime registration provisions under SORNA, which had replaced Megan's Law III in his absence. Muniz filed a post-sentence motion seeking application of the ten-year registration period under Megan's Law III instead of lifetime registration under SORNA. After his motion was denied by the trial court, Muniz appealed to this Court, claiming, *inter alia*, that retroactive application of SORNA violates the *ex post facto* clauses of the United States and

---

[2] Based on the law existing at the time, the lower court erred by treating Appellant's initial motion, which sought to enforce the terms of his plea agreement and preclude application of SORNA, as a PCRA petition. **See Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super. 2014) (holding that a petition to enforce the terms of a plea agreement is outside the scope of the PCRA and traditional contract principles should apply instead).

[3] Megan's Law III replaced Megan's Law II.

Pennsylvania Constitutions. This Court affirmed Muniz's judgment of sentence.

On appeal, our Supreme Court reversed this Court's decision and vacated the portion of the sentence requiring Muniz to comply with SORNA. Five of the six participating justices held that SORNA's enhanced registration provisions constitute punishment, notwithstanding the General Assembly's identification of the provisions as nonpunitive, and, further, determined that retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the Pennsylvania Constitution.[4] *See Muniz*, __ A.3d at __ (slip. op. at 2); *id.* at __ (Wecht, J. concurring) (slip. op. at 1-2). The Court noted that Muniz's seven-year absence from the Commonwealth did not affect its decision, because had Muniz been sentenced in 2007 and subject to registration under Megan's Law III, pursuant to section 9799.13 of SORNA, his ten-year registration period would have converted to a

---

[4] The lead opinion, which was authored by Justice Dougherty and joined by Justices Baer and Donohue, also stated that retroactive application of SORNA's registration provisions is unconstitutional under the *ex post facto* clause in Article I, Section 10 of the United States Constitution. *See Muniz*, __ A.3d at __ (slip. op. at 45). Justice Wecht, in a concurring opinion joined by Justice Todd, declined to address Muniz's claim that SORNA also violates the *ex post facto* clause of the United States Constitution, preferring to resolve the case on state grounds only, and further, disagreed with the lead opinion's statement that Article 1, Section 17 of the Pennsylvania Constitution provides more protections than the *ex post facto* clause of the federal Constitution. *See id.* at __ (Wecht, J. concurring) (slip. op. at 1-3). Nevertheless, Justices Wecht and Todd agreed that SORNA is punitive in effect, and therefore, that applying SORNA retroactively to Muniz violates Article I, Section 17 of the Pennsylvania Constitution. *Id.*

lifetime registration period when SORNA became effective. ***Id.*** at \_\_\_ (slip. op. at 3).

In the instant case, as Appellant acknowledges, he was subject originally to the registration and reporting requirements of Megan's Law II.[5] ***See*** Appellant's Brief at 3-4. Appellant had not completed his registration period when SORNA took effect, and section 9799.13 of SORNA purported to apply SORNA to him. On appeal, Appellant contends SORNA cannot apply to him. Under ***Muniz***, he is correct.

Accordingly, we vacate the PCRA court's order dismissing Appellant's motion pursuant to the PCRA and finding that application of SORNA to Appellant does not violate constitutional *ex post facto* prohibitions, and remand for the lower court to re-examine Appellant's motion in light of ***Muniz***.

---

[5] We note that the terms of Appellant's plea bargain agreement concerning registration are not clear from the record before us. As described ***supra***, in the written Megan's Law colloquy, Appellant agreed that he was required to register to either a ten-year or lifetime term, but the specific term is left blank. Addendum to Guilty Plea Statement Sexually Violent Offenders, 10/7/2002, at 1. The certified record does not contain transcripts from Appellant's plea or sentencing hearings or the order or opinion by Judge Connelly regarding registration referenced by the written colloquy. ***See*** Defendant's Statement of Understanding of Rights Prior to Guilty/No Contest Plea, 10/7/2002, at 1. Nevertheless, even if Appellant's plea agreement subjected Appellant to a lifetime registration term, SORNA enhanced the registration requirements for IDSI and other Tier III offenses, and application of these requirements to Appellant retroactively runs afoul of constitutional *ex post facto* prohibitions. ***See Muniz***, \_\_\_ A.3d at \_\_\_ (slip. op. at 2, 40).

Order vacated. Remand for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/18/2017