J-S32040-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| RICHARD WESLEY MUDGE | : | |
| | : | |
| Appellant | : | No. 1083 WDA 2020 |

Appeal from the Order Entered September 14, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004022-2012

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED:  December 7, 2021**

Richard Wesley Mudge ("Mudge"), *pro se*, appeals from the Order denying his Petition to enforce a plea agreement, which resulted in his *nolo contendere* plea to two counts of simple assault, and one count each of indecent assault, resisting arrest, defiant trespass, disorderly conduct, harassment, criminal mischief, and public drunkenness.[1, 2]  We affirm.

---

[1] **See** 18 Pa.C.S.A. §§ 2701(a)(1), 3126(a)(2), 5104, 3503(B)(1), 5503(A)(4), 2709(A)(1), 3304(A)(5), and 5505.

[2] A petition to enforce a plea agreement is to be considered outside of the confines of the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  **Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super. 2014), **abrogated on other grounds by Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).

In its Opinion, the trial court set forth the history underlying the instant appeal as follows:

> On June 21, 2012, … [Mudge] pled *nolo contendere* [, after which Mudge] was sentenced to three months [of] intermediate punishment with a two[-]year consecutive period of probation, and a ten[-]year registration as a sex offender. [Mudge] did not file a post-sentence motion or direct appeal.
>
> Instead, [Mudge] filed a PCRA [P]etition on March 3, 2014. Appointed counsel filed[,] on July 2, 2014[,] a Petition seeking [e]nforcement of the [p]lea [a]greement. On August 25, 2014, [the trial court] denied the Petition [s]eeking [e]nforcement of the [p]lea [a]greement and put [Mudge] on notice of its intent to dismiss the PCRA [P]etition without a hearing[,] pursuant to Pennsylvania Rule of Criminal Procedure 907. [Mudge] did not appeal this Order. Instead, [Mudge] filed Amended [PCRA] Petitions on November 5, 2014[,] and December 1, 2014. On January 12, 2015, [the PCRA court] dismissed as untimely the PCRA [P]etition. [Mudge] filed a Notice of Appeal on February 11, 2015…. On September 14, 2015, [Mudge] discontinued the appeal.
>
> On May 7, 2018, [the trial court] found [Mudge] to have violated the terms of his probation[]. [The trial court] revoked probation and resentenced [Mudge] to an aggregate sentence of three years[,] six months[,] to seven years of incarceration, and [an] [additional] period of two years of probation. [Mudge] filed a Notice of Appeal on May 21, 2018, [and the trial court] issued its Opinion on September 21, 2018. On March 29, 2019, the Superior Court of Pennsylvania affirmed. [*See Commonwealth v. Mudge*, 215 A.3d 679 (Pa. Super. 2019) (unpublished memorandum).]
>
> On August 14, 2020, [Mudge] filed another Petition to Enforce Plea Agreement [(the "Petition")]. The Commonwealth responded on September 8, 2020. [The trial court] denied the Petition on September 14, 2020. [Mudge] filed a Notice of Appeal … and ultimately filed a [Pa.R.A.P. 1925(b)] Concise Statement of Matters Complained of on Appeal[.]

Trial Court Opinion, 3/2/21, at 2-3 (some capitalization changed, one footnote omitted).

Mudge presents the following claims for our review:

1. Whether the [trial] court failed to consider the effects of a *nolo contendere* plea?

2. Whether the [trial court] erred when it accepted [Mudge's] *nolo contendere* plea and then implemented a [s]pecial [c]ondition of [s]ex [o]ffender [t]reatment[]?

3. Whether the [trial] court erred when it undermined the rules pursuant to 42 Pa.C.S.[A.] § 9754 Order of Probation[,] section (b) and section (c) subsection (13)?

4. Whether the [trial] court erred when it failed to consider the similarities of a *nolo contendere* plea and a guilty plea?

5. Whether the [trial] court erred when it failed to abide by [Mudge's] *nolo contendere* plea?

Brief for Appellant at 4.

Plea agreements are "contractual in nature and [are] to be analyzed under contract law standards." **Commonwealth v. Hainesworth**, 82 A.3d 444, 449 (Pa. Super. 2013) (citation omitted). Contract interpretation is a question of law, so "[o]ur standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary." **Gillard v. Martin**, 13 A.3d 482, 487 (Pa. Super. 2010).

We address Mudge's first two claims together, as they are related. Mudge first claims that, by pleading *nolo contendere* he was not required to

admit that he had committed the sex offense.[3]  ***Id.*** at 16.  Therefore, Mudge

asserts, the trial court erred when it required him to complete sex offender

treatment.  ***Id.*** at 17.  According to Mudge, such treatment would require him

to admit that he had committed the underlying sexual offense, when his plea

of *nolo contendere* did not require such an admission.  ***Id.***

In his second claim, Mudge concedes that, as part of his plea, he signed

a "Specific Special Conditions" (the "Special Conditions") form, in which he

agreed to attend and participate in a mental health treatment program and to

abide by the rules and conditions of the program.  ***Id.*** at 18.  Mudge

acknowledges that, at the plea colloquy, the trial court informed him that

treatment would require him "to make admissions[,] and if you do not make

admissions, you will not be deemed to have successfully completed your

treatment."  ***Id.*** (citation omitted).  Mudge further concedes that the trial

court inquired whether Mudge understood that if, during treatment, he

continued to make denials and fail a polygraph, Mudge "would be deemed a

failure and violate your probation[,] in which case [the court] will be able to

re-sentence you."  ***Id.*** at 19 (citation omitted).  Nevertheless, Mudge claims

that, had he known he would have to attend sex offender treatment and admit

---

[3] Although the trial court concluded that Mudge's claims are barred by *res judicata*, we affirm the trial court's denial of relief on other grounds.  ***See Commonwealth v. Roberts***, 771 A.2d 23, 29 (Pa. Super. 2001) (stating that "[t]his Court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm.").

to his sex offenses, he would not have tendered his *nolo contendere* plea.  **Id.**
at 20.

Further, Mudge argues that he "did not even think he would have to do
a [s]ex [o]ffender [p]rogram."  **Id.**  In support, Mudge directs our attention
to a portion of the colloquy in which the trial court explained that the Special
Conditions will require Mudge to have "a [m]ental [h]ealth [e]valuation and
follow through with [s]ex [o]ffender [t]reatment."  **Id.** at 19 (citation
omitted).  According to Mudge, "since [he] has relinquished his right to a jury
trial in order to enter the plea agreement, [] the [s]ex [o]ffender [p]rogram
undercuts the agreement because it subjects [him] to admit guilt, a condition
[he] sought to avoid by entering into the [*n*]olo [*c*]ontendere agreement."  **Id.**
at 20.

As our Supreme Court has explained,

> there is an affirmative duty on the part of the prosecutor to honor
> any and all promises made in exchange for a defendant's plea.
> Our courts have demanded strict compliance with that duty in
> order to avoid any possible perversion of the plea[-]bargaining
> system, evidencing the concern that a defendant might be coerced
> into a bargain or fraudulently induced to give up the very valued
> constitutional guarantees attendant the right to trial by jury.

**Commonwealth v. Cosby**, 252 A.3d 1092, 1032 (Pa. 2021) (citation
omitted).  "[D]isputes over any particular term of a plea agreement must be
resolved by objective standards.  A determination of exactly what promises
constitute the plea bargain must be based upon the totality of the surrounding

circumstances and involves a case-by-case adjudication." ***Commonwealth v. Kerns***, 220 A.3d 607, 612 (Pa. Super. 2019).

Contrary to his assertions, Mudge's first two claims do not seek enforcement of the terms of his plea agreement. Rather, Mudge seeks to *avoid* an express term of that agreement. Our review discloses that, at the plea colloquy, the trial court inquired as to Mudge's understanding of the terms of his plea agreement:

THE COURT: … [Y]ou understand that any probation period imposed by the [c]ourt would be subject to the general rules and conditions of probation **as well as the charge[-]specific [S]pecial [C]onditions?**

[Mudge]: Yes, ma'am.

THE COURT: Those conditions are contained in this pink colloquy that I am holding in my hand.

[Mudge]: I read it.

….

THE COURT: Well, what I generally do is explain to the [d]efendants who are subject to these [S]pecial [C]onditions or probation that one of those conditions will require the victim [*sic*] to have a mental health evaluation **and follow through with sex offender treatment.**

Do you understand that?

[Mudge]: **Yes, Your Honor.**

THE COURT: And another is that you will [be] subject to reviews with me. Do you understand that?

[Mudge]: Yes, Ma'am.

….

- 6 -

THE COURT: … [Y]ou have read all three pages of these [S]pecial [C]onditions, had the opportunity to discuss them with [your counsel], and you have indicated by adding your signature on the third page that you have read the entire document, that you do understand everything contained in here **and agree to abide by it**; is that correct?

[Mudge]: **Yes, Your Honor.**

THE COURT: Is that your signature on the third page?

[Mudge]: Yes, Your Honor.

THE COURT: So[,] I will sign these [S]pecial [C]onditions as well and incorporate those into the record in these proceedings.

[MUDGE]: Thank you.

N.T., 6/21/12, at 6-9 (emphasis added).

The matter proceeded immediately to sentencing, at which time the trial court again inquired as to whether Mudge understood the terms of his plea agreement:

THE COURT: **You do understand that your treatment is going to require you to make admissions**[,] **and if you do not make admission, you will not be deemed to have successfully completed your treatment.**

[Mudge]: **Absolutely.**

THE COURT: And if you do not make admissions or if you make denials, then you have to pay for the polygraph. You could still complete treatment without making admissions. **However, if you fail the polygraph and continue to make denials and treatment**[,] **eventually you would be deemed a failure and violate your probation**[,] **in which case I will be able to resentence you.**

[Mudge]: There will be no violations.

N.T., 6/21/12, at 25-26 (emphasis added).

Nothing in the record indicates that Mudge was confused by the terms of the Special Conditions, or the trial court's explanation. Mudge agreed to the express terms of the plea agreement, which required Mudge to comply with *all* treatment requirements, including those that required him to admit to the underlying sexual offense during treatment. **See contra**, **Hainesworth**, 82 A.3d at 450 (holding that a bargained for plea condition—that the defendant did not have to register as a sex offender—was specifically enforceable). To the extent that Mudge now claims that he was confused by the terms of his agreement, or confused by the trial court's explanation, such a claim must be brought in a timely filed petition for relief under the PCRA. **See Commonwealth v. Rivera**, 802 A.2d 629, 632 (Pa. Super. 2002) (explaining that relief that can be granted under the PCRA must be sought under the PCRA); **see also** 42 Pa.C.S.A. § 9542 (providing that the PCRA "shall be the sole means of obtaining collateral relief"); **id.** § 9543(b)(iii) (deeming cognizable a challenge to a plea as unknowing or involuntary). As Mudge's first two claims do not argue for the enforcement of the terms of his plea agreement, we cannot grant him relief on those claims.

In his third claim, Mudge argues that, by imposing a term of probation consecutive to a term of confinement, and by implementing the Special

Conditions, the trial court violated 42 Pa.C.S.A. § 9754 (2012).[4]  Brief for Appellant at 21.  Specifically, Mudge directs our attention to subsection (b), which, at the time of Mudge's sentencing, permitted the trial court to attach reasonable conditions to his probation, but required that such conditions be "not unduly restrictive of his liberty or incompatible with his freedom of conscience."  Brief for Appellant at 21 (quoting 42 Pa.C.S.A. § 9754(b)(13) (2012)).  Mudge argues that it is unjust and unreasonable for a trial court to explain a defendant's right to not admit guilt by means of a *nolo contendere* plea, but then impose a condition that requires a defendant to admit guilt.  Brief for Appellant at 22.  Mudge asserts that sex offender treatment should be mandatory only for people who are found guilty or plead guilty.  *Id.* at 23.

Once again, Mudge does not seek enforcement of the express terms of his plea agreement.  Rather, Mudge challenges the trial court's sentence of probation, and its inclusion of the Special Conditions, as violating section

_____

[4] At the time of Mudge's plea in 2012, section 9754 provided, in relevant part, as follows:

> (b) Specific Conditions- The court may as a condition of its order require the Defendant:

> * * *

> (13) To satisfy any other conditions reasonably related to the rehabilitation of the Defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience.

42 Pa.C.S.A. § 9754(b)(13) (2012).

- 9 -

9754(b)(13). Thus, Mudge's claim challenges the legality of his sentence under 42 Pa.C.S.A. § 9754(b)(13) (2012).

A PCRA petitioner may challenge the legality of a negotiated sentence. *Commonwealth v. Rivera*, 154 A.3d 370, 381 (Pa. Super. 2017) (*en banc*). Because a challenge to the legality of a sentence is cognizable under the PCRA, Mudge was required to raise this challenge in a timely filed PCRA Petition. *See Rivera*, 802 A.2d at 632; 42 Pa.C.S.A. § 9543(b)(vii) (deeming cognizable a challenge to the legality of a sentence). Consequently, the trial court did not err in denying Mudge's Petition to enforce his plea agreement.

We will address Mudge's fourth and fifth claims together, as they are related. In his fourth claim, Mudge claims that the trial court erred "when it failed to consider the similarities of a *nolo contendere* plea and a guilty plea." Brief for Appellant at 24. Mudge asserts that "[t]he use of a *nolo contendere* plea as tantamount to an admission of guilt would defeat one of its primary purposes." *Id.* at 25. According to Mudge, "[d]ue to [him] not having to admit guilt under oath at the time of his plea, he should not be put in a position of having to take a program which requires an admission of guilt, and is punished if he does not." *Id.* Mudge asserts that it was agreed that he "would not admit guilt once the [*Nolo Contendere* Explanation of] Rights Form was signed" by the court, the prosecutor and himself. *Id.* at 27. Mudge argues that because his plea did not require him to admit guilt, "he should not have to complete the sex offender program because[,] by doing so, [it] would

- 10 -

violate his rights as he understood them" when he signed the *Nolo Contendere* Explanation of Rights Form. *Id.* at 28.

In his fifth claim, Mudge argues that the trial court violated his *nolo contendere* plea agreement, when it did not require him to admit guilt while under oath, but required him to do so "to avoid further punishment." *Id.* Mudge argues that the *nolo contendere* plea agreement specifically stated, in the Explanation of Rights, that he would not have to admit guilt. *Id.* at 29.

As set forth above, Mudge's claim is not supported in the record. Indeed, Mudge's compliance with the Special Conditions, which included sex offender treatment and admissions to be made during that treatment, constituted an express term of his plea agreement. *See* N.T., 6/21/12, at 6-9, 25-26. This requirement was explained to Mudge, and he expressly agreed to it. *See id.* To the extent that Mudge challenges the imposition of the Special Conditions as illegal, or that his plea was unknowing and involuntary, those claims must be pursued under the rubric of the PCRA. *See Rivera*, 802 A.2d at 632; 42 Pa.C.S.A. § 9543(b)(vii).

For the above-stated reasons, we affirm the Order of the trial court, which denied Mudge's Petition to Enforce the plea agreement.

Order affirmed.

Judgment Entered.

- 11 -

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2021