J-A12044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS L. HARTMAN, | |
| Appellant | No. 1355 MDA 2014 |

Appeal from the Order entered July 14, 2014,
in the Court of Common Pleas of Berks County,
Criminal Division, at No(s): CP-06-CR-0001765-2000

BEFORE:  BOWES, DONOHUE, and ALLEN, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED APRIL 30, 2015**

Dennis L. Hartman, ("Appellant"), appeals from the order denying his petition to enforce plea agreement or for a writ of habeas corpus.  We affirm.

The trial court summarized the procedural history of this case as follows:

> On March 22, 2000, Appellant was charged by Criminal Complaint with one count of **Possession of Child Pornography**, in violation of **18 Pa.C.S.A. § 6312(d), a Felony of the Third Degree**, following an undercover Postal Inspector sting operation.  On June 29, 2000, Appellant pled guilty to this crime and was sentenced to two years on county probation.  At the time, Appellant was represented by attorney Lawrence J. Hracho.  No direct appeal was taken.  Attorney Hracho passed away on December 3, 2011.  Six years later, the Pennsylvania State Police sent Appellant a notice, requiring him to register under Megan's Law III; he did not file any motions challenging this requirement and began compliance on November 8, 2006.  His ten year registration period was then set to expire in 2016.  Pennsylvania's Sex Offender Registration and

Notification Act (SORNA) went into effect in December 2012. Under SORNA, Appellant's period of registration will be extended to November 8, 2021. On May 5, 2014, Appellant filed a Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus. An evidentiary hearing was set for June 13, 2014 and thereafter, the parties were required to file briefs. On July 14, 2014, we denied the request for relief from registration. On August 12, 2014, Appellant filed a Notice of Appeal to the Superior Court. On that same date, we ordered Appellant to file a concise statement of the errors complained of on appeal, which he filed on August 27, 2014.

Trial Court Memorandum Opinion, 10/8/14, at 1-2 (bold in original).

Appellant raises the following issues:

1. Can an agreement between a defendant and the Commonwealth to avoid sex offender registration be inferred in the absence of any indication of an agreed upon and affirmative step to do so?

2. Is Appellant entitled to specific performance of the terms of his plea agreement?

3. Are all other considerations irrelevant to this inquiry?

Appellant's Brief at 3. We address these issues together.

"[SORNA], commonly referred as the Adam Walsh Act, became effective on December 20, 2012." *Commonwealth v. Partee*, 86 A.3d 245, 247 (Pa. Super. 2014). "By its terms, any individual who was then being supervised by the board of probation or parole was subject to its provisions." *Id.* Appellant's conviction under 18 Pa.C.S.A. § 6312(d) was designated as a Tier 1 sexual offense, subjecting a defendant to a fifteen-year registration period. *See* 42 Pa.C.S.A. §§ 9799.14-9799.15.

In **Partee**, we summarized our recent *en banc* decision in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) as follows:

> In [**Hainesworth**,] this Court specifically enforced a negotiated plea agreement that did not require the defendant to report as a sex offender under Megan's Law, despite subsequent amendments to the statute that would have subjected him to reporting requirements. Hainesworth entered a negotiated plea to three counts each of statutory sexual assault and indecent assault, and once count each of indecent assault and criminal use of a communication facility in February 2009. None of these convictions required registration under Megan's Law, 42 Pa.C.S. § 9791. Other charges that would have imposed a registration requirement were withdrawn by the Commonwealth pursuant to the plea negotiations.
>
> Hainesworth filed a motion seeking to terminate supervision effective one week prior to the effective date of SORNA. The trial court denied the petition to terminate supervision, but held that application of SORNA's registration requirements to Hainesworth violated due process.
>
> On appeal, this Court, sitting *en banc*, concluded first that Hainesworth correctly framed the issue as one of contract law, and applied the standard of review applicable to whether a plea agreement has been breached: "what the parties to this plea agreement reasonably understood to be the terms of the agreement." **Hainesworth**, *supra* (quoting **Commonwealth v. Fruehan**, 384 Pa. Super. 156, 557 A.2d 1093, 1095 (1989)). We look to the "totality of the surrounding circumstances" and "[a]ny ambiguities in the terms of the plea agreement are construed against the [Commonwealth]." **Commonwealth v. Kroh**, 440 Pa. Super. 1, 654 A.2d 1168, 1172 (1995). The dispositive question was "whether registration was a term of the bargain struck by the parties." [**Hainesworth**, 82 A.3d] at 448. We examined the record. The terms of the plea agreement was set forth and included a discussion of the fact that the offense to

which [Hainesworth] was pleading guilty did not require registration and supervision as a sex offender. We distinguished **Commonwealth v. Benner**, 853 A.2d 1068 (Pa. Super. 2004) (Benner was always subject to a reporting requirement, albeit ten years instead of a lifetime, and the record did not support Benner's contention that he had bargained for non-registration as a term of his plea), and held that the plea agreement "appears to have been precisely structured so that Hainesworth would not be subject to a registration requirement." **Hainesworth**, 82 A.3d] at 448.

**Partee**, 86 A.3d at 247-48.

In **Partee**, Partee pled guilty to indecent assault which, at the time of his plea, subjected him to a ten-year registration requirement under Megan's Law. With the subsequent passage of SORNA, however, Partee's conviction of a Tier II sexual offense increased his registration requirement to twenty-five years. **Id.** at 246. After reviewing the totality of the circumstances surrounding Partee's plea, we reasoned:

> Herein, [Partee] was subject to a ten-year reporting requirement under the terms of the plea agreement and there is no indication that he bargained for non-registration as part of his plea. However, the ten-year Megan's Law registration period was discussed at the plea proceeding. While it was not an explicit term of the negotiated plea, it is apparent that [Partee's] negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement, distinguishing the facts herein from those in **Benner**. The two charges carrying a lifetime registration were withdrawn by the Commonwealth as part of the negotiations, leaving [Partee] subject to the less onerous ten-year reporting requirement then imposed on indecent assault. Under our reasoning in **Hainesworth**, [Partee] arguably would be entitled to the benefit of that bargain.

*Partee*, 86 A.3d at 249.

Despite the above, in *Partee* we accepted the Commonwealth's argument that, by violating his probation, Partee breached the original plea agreement, and therefore he could no longer seek specific enforcement of its terms. *Id.* at 249-50. Thus, we determined that *Hainesworth*, "is not controlling." *Id.*

Here, the trial court likewise concluded that *Hainesworth* did not apply to Appellant's claim:

> Appellant would ask the Superior Court to review this matter under the laws concerning plea agreements and contracts. It was for this reason that we held an evidentiary hearing to provide Appellant with the opportunity to meet his burden that there was indeed a negotiated plea agreement entered into to avoid the registration requirement under [Megan's Law II]. After hearing, however, we were unable to conclude that such an agreement occurred.
>
> Appellant was charged with only one count; no counts were withdrawn in exchange for a plea. The matter was actually scheduled for a PreTrial [sic] Hearing on June 29, 2000. The Statement Accompanying his Request to Enter a Guilty Plea lists the that Maximum Permissible Sentence Appellant was facing was 7 years [of] incarceration and/or a $15,000.00 fine. Appellant acknowledged, by signing this statement, that this plea permitted him to avoid a trial and a large fine, as well as possible incarceration for this felony offense. Thus, we could not determine solely from this statement that the reason the plea was entered into was to avoid registration. There is no transcript or record of any terms of a negotiated plea agreement in June 2000. Looking at the totality of the circumstances, we found as a fact that there was no plea agreement made in exchange for avoiding registration.

> Appellant registered when notified by the State Police to do so in November of 2006. There is no record to show why the police waited six years to notify Appellant. Appellant claimed he objected to the registration requirement. There is also no record that any challenge to the registration requirement was filed. Appellant waived the issue of the retroactivity of Megan's Law III by not raising it before now to give the court an opportunity to review it. **See generally Commonwealth v. Cody Miller**, 80 A.3d 806, 812 (Pa. Super. 2013) (citations omitted). We found Appellant's testimony to be self-serving and not credible. It is well settled that credibility determinations are the province of the trial court. Thus, the standard of review in this case should be whether or not the court committed an error of law.

Trial Court Memorandum Opinion, 10/8/14, at 2-4.

Rather than applying **Hainesworth**, the trial court characterized the issue to be addressed as follows:

> We surmise that the legal question then becomes whether a defendant who was convicted of a nonregisterable [sic] offense prior to the passage of Megan's Law II, but was serving a sentence of probation at the time of the passage of Megan's Law [III], which now included that offense, is therefore still subject to the ten year period of registration when he did not begin his initial period of registration for six years.

**Id.** at 4.

The trial court then reviewed case law addressing the retroactivity question as applied in cases involving the various versions of Megan's Law. **See id.** at 4-6 (discussing **Commonwealth v. Benner**, 853 A.2d 1068 (Pa. Super. 2004); **Commonwealth v. James Miller**, 787 A.2d 1036 (Pa. Super. 2001)). It concluded:

- 6 -

> [W]hile Megan's Law II has been amended several times, the requirement for Appellant to register remains. Appellant is classified as a sexually violent predator under 42 Pa.C.S.A. § 9799.12 because he was convicted of an offense listed under section 9799.14(b)(9). Under the most recent amendment, [SORNA] predicate offenses requiring registration are grouped in tiers, with Sexual Abuse of Children, § 6312(d), being considered a Tier I sexual offense, requiring a fifteen year registration period. *See* 42 Pa.C.S. [§] 9799.14(b)(9); § 9799.15(a)(1).
>
> Without proof of a plea agreement, Appellant is bound by the law of retroactivity as it applies to his case. When Megan's Law II went into effect, Appellant was still serving his sentence for the sex offense. We do not think that the fact that he did not comply with registration for the first six years negates the initial requirement that he register for ten years.

Trial Court Memorandum Opinion, 10/8/14, at 6-7 (footnotes omitted). Our review of the record, in accordance with the applicable statutory and case authority, supports the trial court's conclusions.

Appellant's claims to the contrary are unavailing. Appellant's reliance upon the factually distinguishable case of ***Partee***, ***supra***, is inapposite. Unlike Appellant's case, this Court was able to review the guilty plea colloquy that occurred between the parties, noted a specific registration period was enumerated, and further noted that offenses requiring lifetime registration were withdrawn by the Commonwealth.[1] Here, we are unable to conduct a

---

[1] Because the ***Partee*** court ultimately concluded that Partee breached his plea agreement, the discussion quoted above and relied upon by Appellant is *dicta*. ***See supra***.

similar review, and the trial court found Appellant's testimony concerning the plea agreement unworthy of belief. We cannot disturb this determination. *See generally Commonwealth v. Weathers*, 95 A.3d 908 (Pa. 2014).

Appellant's similar reliance upon *Commonwealth v. Jones*, 2014 PA Super. 109, a decision that we withdrew from publication because the SORNA issue addressed became moot, and *Commonwealth v. Nase*, 104 A.2d 528 (Pa. Super. 2014), is misplaced, given the fact that in each case, a guilty plea colloquy was available for appellate review. Put simply, Appellant acquiesced to registration under Megan's Law II, and cannot now—in the absence of credible record evidence—maintain a contradictory position approximately fourteen years following the original entry of his plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/2015