J-A11028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DEXTER WILLIAMS, | |
| Appellant | No. 1995 EDA 2014 |

Appeal from the Order Entered June 11, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0004567-2002

BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.:                          **FILED MAY 22, 2015**

Appellant, Dexter Williams, appeals from the order dated June 11, 2014 denying Appellant's petition for exemption from the registration requirements of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.10, *et seq.*  Upon review, we affirm.

We briefly summarize the facts and procedural history of this case as follows.  On May 15, 2002, police arrested Appellant and the Commonwealth charged him with various sexual offenses including, *inter alia*, rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, and corrupting the morals of a child.  On December 4, 2002, Appellant entered into a plea agreement and pled guilty to one count of sexual assault.  The Commonwealth agreed to *nolle pros* the remaining charges.  On March 3, 2003, pursuant to the plea agreement, the trial court sentenced Appellant to

three to six years of incarceration. The trial court further ordered that Appellant was required to register as a sex offender for ten years following his release from prison.

On December 20, 2012, SORNA became effective and Appellant was notified that his sexual assault conviction was now classified as a Tier III offense that subjected him to lifetime sex offender registration. On May 3, 2013, Appellant filed a petition to enforce the plea agreement and/or a writ of *habeas corpus*, requesting exemption from the applicability of SORNA's lifetime registration requirements. Appellant argued that, as part of his negotiated plea agreement, the Commonwealth agreed to a 10-year period of registration as a sex offender. Both parties submitted legal memoranda and the trial court held an evidentiary hearing on June 9, 2014. By order entered on June 11, 2014, the trial court denied relief. This timely appeal resulted.[1]

On appeal, Appellant presents the following issues for our review:

1. Whether the lower court erred as a matter of law by finding the updated 2012 SORNA lifetime registration requirements apply retroactively to Appellant in contradiction to the registration terms in his bargained-for plea agreement.

---

[1] On July 8, 2014, Appellant filed a notice of appeal. On July 22, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on August 11, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 2, 2014.

2. Whether the lower court erred as a matter of law by finding the retroactive application of lifetime registration requirements did not violate the *ex post facto* clauses of the United States and Pennsylvania constitutions.

Appellant's Brief at 4 (suggested answers omitted; italics supplied).

In his first issue presented, Appellant contends that the trial court erred as a matter of law by determining that the new SORNA registration requirements, which retroactively required lifetime registration as a sex offender, was not a breach of his negotiated plea agreement. *Id.* at 9-15. More specifically, Appellant argues:

> Appellant chose to plead guilty because his attorney crafted a negotiated plea agreement with the district attorney that limited his reporting requirement to ten years. Appellant bargained for the reduced reporting requirement. He testified that he rejected two prior plea offers without reduced reporting. He considered the reduced reporting requirement to be the most significant aspect of the plea agreement. The registration period was explicitly discussed during sentencing. Therefore, the registration period was a term of the agreement as reasonably understood by the parties.

*Id.* at 11. Appellant argues that the trial court erred in determining he was "not entitled to relief because he was subject to lifetime reporting requirements when he was sentenced[,]" because the trial court must "honor the terms of the plea agreement." *Id.* at 12. Appellant asserts that the trial court mistakenly relied on our Supreme Court's decision in *Commonwealth v. Leidig*, 956 A.2d 399 (Pa. 2008), because that case

- 3 -

dealt with withdrawal of a guilty plea, whereas, here, Appellant was attempting to enforce his guilty plea agreement. *Id.* at 14.

We apply the following standard of review. "Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards." *Commonwealth v. Anderson*, 995 A.2d 1184, 1191 (Pa. Super. 2010). "Where a plea agreement has been entered of record and accepted by the trial court, the state is required to abide by the terms of the plea agreement." *Commonwealth v. Mebane*, 58 A.3d 1243, 1246 (Pa. Super. 2012), *citing Santobello v. New York,* 404 U.S. 257 (1971). We must look to "what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Partee*, 86 A.3d 245, 248 (Pa. Super. 2014) (citation omitted). "We look to the totality of the surrounding circumstances and any ambiguities in the terms of the plea agreement are construed against the Commonwealth." *Id.* (citation, internal quotations, and brackets omitted). "The dispositive question [is] whether registration was a term of the bargain struck by the parties." *Id.* (citation omitted).

Here, there is no written plea agreement. However, the certified record contains the notes of testimony from Appellant's 2002 guilty plea

hearing.[2]  At the beginning of that proceeding, the Commonwealth set forth

the terms of the negotiated plea agreement as such:

> Judge, the agreement that we've reached is that [Appellant] will plead guilty to Information D, which is a sexual assault felony in the second degree.  He's agreed to a three to six year term of incarceration in a State Correctional Facility.  He must also participate in and follow all recommendations of a sex offender's evaluation and a second, psych-sex evaluation.  He's also to have no contact with the victim in this case, and no contact with any minor unless it is done under the supervision of a person who had been approved by the parole board and who knows of [Appellant's] conviction.  And that's the extent of it, Judge.

N.T., 12/4/2002, at 3-4.  There was, however, no explicit mention of

registration requirements.

The trial court then directed defense counsel to review Appellant's

rights with him.  With regard to sexual offender registration, defense counsel

recited and Appellant unequivocally acknowledged:

> All right.  If you fail to register and verify your current or intended residence and be photographed by the Pennsylvania State Police for a **ten-year period**, [you are] committing a felony of the third-degree.  It's a very serious matter if you don't register when you move.
>
> *          *          *
>
> Okay.  Now do you understand you're not being sentenced today, you're actually going to have a psycho-sexual evaluation and then we're going to come back here for

---

[2]  The Commonwealth erroneously claims, "the actual transcript of the guilty plea is not part of the court record."  Commonwealth's Brief at 14.  Upon review of the certified record, however, those transcripts were in fact included and we rely upon them herein.

> sentencing?  And, depending on what that evaluation reveals, there could be some very strict requirements as far as registration.  Didn't I explain that to you?
>
> *          *          *
>
> Okay.  Okay.  Your Honor, may I just have one moment?  Thank you.  The D.A. had just brought to my attention, I had reviewed this with you, but I want to make it more – make it more specific with you.  Because of the nature of the offense, this isn't an attempt, this is an actual sexual assault case, it indicates here that there's actually **a life-time requirement to register**.  So **it's not just ten years, it's a life-time requirement**, do you understand that, sir?

*Id.* at 18-19 (emphasis added).  Appellant responded on the record that he understood all of the terms.  At the end of the hearing, the trial court accepted the plea and deferred sentencing pending a sexual offender evaluation.  *Id.* at 24.

In addition, Appellant initialed and signed a guilty plea statement of rights that was incorporated into the record at the guilty plea hearing.  *Id.* at 18.  "[A] written plea colloquy can supplement an oral colloquy in demonstrating a voluntary plea."  ***Commonwealth v. Bedell***, 954 A.2d 1209, 1216 (Pa. Super. 2008).  In an addendum to the guilty plea statement, Appellant acknowledged, by initialing, the following paragraphs:

1. By placing my initials on the line provided next to each paragraph in this document, I agree that I have read, understand and my lawyer had explained to my satisfaction the content and meaning of each paragraph in this document.

   If I plead guilty or nolo contendere to <u>sexual assault</u> [(handwritten)] a sexually violent offense(s) as stated in 42 Pa.C.S. 9795.1:

- 6 -

* * *

9. I must register and verify my current residences or intended residences with the Pennsylvania State Police for my lifetime if:

* * *

(B)  I plead guilty or nolo contendere to committing the crime[] of [….]  Sexual Assault, 18 Pa.C.S. [§] 3124.1[.]

Addendum to Guilty Plea Statement, 12/4/2002, at ¶¶ 1, 9.

It was only at sentencing that the Commonwealth and defense counsel stated that the 10-year period of registration for sexual offenders was applicable.  At sentencing, the Commonwealth stated "he's got to register with [the] Pennsylvania State Police for the next 10 years based on his conviction for sexual assault."  N.T., 3/3/2003, at 19-20.  Defense counsel agreed:  "It's not a lifetime obligation.  It's a ten-year obligation."  *Id.* at 20.  The trial court then stated:

> If you fail to inform your residence – your verification requirements of your residency sir.  Then you must also be photographed during the 10-year period.  If you fail to perform your obligations under this [l]aw you will be committing a [f]elony in the third-degree.[…]

*Id.* at 23.  However, the following line of inquiry followed:

| The Court: | He's not subject to lifetime registration? |
|---|---|
| [Defense]: | No he's not. |
| [Commonwealth]: | Correct. |

*Id.* at 24.

Based upon all of the foregoing, we conclude that the exchange between the trial court, the Commonwealth, and defense counsel regarding the 10-year registration period was not part of the agreed upon plea negotiations. At the plea hearing, Appellant acknowledged that he was facing lifetime reporting as a sex offender. He acknowledged further that he was pleading guilty to sexual assault, a conviction that required lifetime registration. Thus, a 10-year reporting provision did not contractually bind the Commonwealth. The trial court accepted the plea agreement and deferred sentencing. It was only at sentencing that both parties and the trial court interjected a 10-year requirement. Thus, we have no hesitancy in finding that, while an error may have occurred at sentencing, the erroneous reference to a 10-year registration was not a part of the original plea bargain. In fact, it was the Commonwealth, not Appellant, that faced the loss of the original bargain when the trial court erroneously sentenced Appellant to the 10-year period of registration. Accordingly, Appellant's first issue lacks merit.

Moreover, we note that in structuring plea agreements, when sex offender registration is material to negotiations, the Commonwealth will typically *nolle pros* the more serious charges that compel a defendant to register for life to accomplish the parties' intentions:

> While it was not an explicit term of the negotiated plea, it is apparent that [Partee's] negotiated plea agreement was structured so that he would only be subject to a ten-year

> rather than a lifetime reporting requirement[.] The two charges carrying a lifetime registration requirement were withdrawn by the Commonwealth as part of the negotiations, leaving Appellant subject to the less onerous ten-year reporting requirement then imposed on indecent assault. []Appellant arguably would be entitled to the benefit of that bargain.

*Partee*, 86 A.3d at 249. Here, effective July 10, 2000 and controlling at the time of Appellant's plea, sex offender reporting requirements required lifetime reporting. *See* 42 Pa.C.S.A. § 9795.1(b)(2) (July 10, 2000). In this case, the Commonwealth charged Appellant with less serious crimes, including *inter alia* indecent assault and corrupting the morals of children. However, unlike in *Partee*, there is no evidence that the Commonwealth in this case agreed to withdraw the most serious charges in negotiating a less onerous 10-year reporting requirement. Here, the Commonwealth *nolle prossed* the most serious charges including rape and involuntary deviate sexual intercourse. However, the Commonwealth did not agree to *nolle pros* the charge of sexual assault, which as explained in detail *supra*, carried lifetime registration under both SORNA and the prior statutory scheme. Had the Commonwealth intended for Appellant to be subject to a 10-year period of registration, it could have structured the agreement differently to accomplish that goal, but it did not. For this additional reason, we conclude that Appellant failed to show he negotiated a plea agreement for a 10-year period of registration.

In his second issue presented, Appellant argues that the retroactive application of SORNA impeded on his contract and, therefore, "is a violation of the *ex post facto* laws of Pennsylvania and United States Constitutions." Appellant's Brief at 16. Having already determined that registration was not a negotiated term of the bargain, this issue is moot. Moreover, as we noted, Appellant was subject to lifetime registration at the time he entered his plea. *See* 42 Pa.C.S.A. § 9795.1(b)(2). SORNA took effect December 20, 2012 and Appellant was again subject to a period of lifetime registration as sexual assault was classified as a Tier III offense. 42 Pa.C.S.A. § 9799.14(d)(5); 42 Pa.C.S.A. § 9799.15(a)(3). "When performing an *ex post facto* analysis a court is concerned solely with whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred." **Commonwealth v. Rose**, 81 A.3d 123, 129 (Pa. Super. 2013) (internal citation and quotations omitted). Here, the registration period never changed. Thus, Appellant's second issue fails.

Order affirmed.

Judge Wecht joins this memorandum.

President Judge Emeritus Ford Elliott notes dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015