J-S67045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KYLE MATTHEW SAUL, | |
| Appellant | No. 815 MDA 2015 |

Appeal from the Order April 13, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0001262-2011

BEFORE:  BOWES, J., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED JANUARY 21, 2016**

Appellant, Kyle Matthew Saul, appeals from the order of April 13, 2015, denying his "Petition to Enforce Specific Terms and Conditions of Plea Agreement and to Avoid Retroactive Application of SORNA[1] Registration Requirements."  For the reasons discussed below, we affirm.

We take the underlying facts and procedural history from the trial court's July 8, 2015 opinion.

> On July 7, 2011, [Appellant], who was [eighteen] at the time, entered the bedroom of the victim [his stepsister], a [fourteen]-year-old girl and requested that she perform a sex act with him.  When she repeatedly refused his advances,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.19.

[Appellant] shut her door, blocking it with his body. He told her that the only way to prevent him from committing suicide was to engage in a sex act with him. The victim pushed [Appellant] away several times, but he succeeded in pushing her onto her bed. He exposed himself, "grinding" on the victim, and then forced her to manually stimulate him until he ejaculated on her.

In July [] 2011, [Appellant] was arrested and charged with burglary, unlawful restraint, indecent exposure, corruption of minors and three counts of indecent assault. On October 19, 2011, the Lebanon County District Attorney's Office offered [Appellant] a [p]lea [a]greement in which it agreed to withdraw the burglary charge in exchange for [Appellant's] open guilty plea as to the other counts. The guilty plea colloquy stated that it was "subject to standard sex offender conditions." On May 23, 2012, [the trial court] accepted [Appellant's] guilty plea under the terms of this agreement. One of the indecent assault counts was a misdemeanor of the first degree that subjected [Appellant] to a [ten]-year registration requirement under Pennsylvania's then—current version of Megan's Law. . . .

After sentencing on December 20, 2012, Megan's Law was replaced with SORNA. . . . By its terms, any individual who was then being supervised by the board of probation or parole was subject to its provisions. . . . [Appellant] was released from prison on parole on August 24, 2014. Upon his release, he signed a registration notification document that stated that, since one of his indecent assault convictions was a misdemeanor of the first degree, he was classified as a Tier ll offender and would be required to register for [twenty-five] years.

On November 11, 2014, [Appellant] filed a "Petition to Enforce Specific Terms and Conditions of Plea Agreement [and to Avoid Retroactive Application of SORNA Registration Requirements]," alleging that the State Board of Probation and Parole violated his plea agreement when it sought to impose the [twenty-five]-year registration period. Because the gravamen of [Appellant's p]etition was that his registration requirement directly contradicted his negotiated [p]lea [a]greement, [the trial court] reasoned that conditions of his sentence would be illegal if the subsequent registration requirements deprived [Appellant] of

- 2 -

the benefit of his bargain. Therefore, [the trial court] treated the [p]etition as one challenging the legality of his sentence under the PCRA.[2]

[The trial court] held a factual hearing on April 10, 2015 to try to discern whether the original registration requirement was actually negotiated—for.  At the hearing, [Appellant's] counsel testified that he had explained to [Appellant] what "standard sex offender conditions" was commonly understood to mean at the time—that [Appellant] would be required to register for [ten] years.  In addition, the Registration Notification contained a paragraph entitled, "10 YEAR REGISTRATION NOTICE."  The guilty plea colloquy also stated that [Appellant] would be subject to registration requirements for [ten] years.  [Appellant] testified that the limited registration requirement was as important to him as the other aspects of the plea bargain.

However, [the assistant district attorney] testified that the plea "had nothing to do with the Megan's Law registration requirements."  Indeed, she stated that she did not even have the authority to offer a cap on the length of time to which a defendant could be subjected to registration requirements.  Later, in response to our direct inquiry, [Appellant's counsel] confirmed that the length of the registration requirement was never a part of any plea agreement with [Appellant].  Most important, the [assistant district attorney] advised [Appellant] at sentencing that she believed the law would be changed to create a much longer registration requirement.  As it turned out, [her] prediction was accurate.

After listening to all testimony, we found that there was no bargained—for exchange with respect to the length of registration requirements.  In other words, the length of [Appellant's] registration requirement was not part of his negotiated plea deal.  Because of this and the fact that [Appellant] filed his [p]etition more than [sixty] days after he learned of the [twenty-five]-year registration requirement, we declined to award [Appellant] relief under the PCRA, concluding that his sentence was not illegal.

_____

[2] 42 Pa.C.S.A. §§ 9541-9546.

In announcing [the] decision, [the trial court] acknowledged the conflict in present case law, and stated that [Appellant] might have grounds for relief from the retroactive application of SORNA via a mandamus action. As [the trial court was] (and remain[s]) unaware of any procedure that would enable [Appellant] to file a petition captioned to his criminal docket to preclude such retroactive application, [it] dismissed his [p]etition without prejudice. [Appellant] has appealed [the trial court's] decision, alleging three counts of error.[3]

(Trial Court Opinion, 7/08/15, at 2-5) (record citations omitted).

On appeal, Appellant raises the following questions for our review.

1. Whether [Appellant's p]etition challenged the "legality" of his original sentence, and therefore, should have been considered a request for relief under the PCRA and examined under the strict requirements of the PCRA?

2. [Appellant's] appeal presents an issue which has not yet been ultimately decided by an appellate court within the Commonwealth of Pennsylvania, namely:

Whether [Appellant's p]etition for specific performance of the original plea agreement, which was filed in his criminal case, should have been heard and fully considered by the trial court **outside** of the mandates of the PCRA statute? Stated differently, whether [Appellant's p]etition was properly filed in his criminal case, or was a writ of mandamus the only proper procedural vehicle to challenge the retroactive application of SORNA?

3. Whether, under the totality of the circumstances surrounding [Appellant's] negotiated plea agreement, and after construing any ambiguity in a term of agreement against the Commonwealth, the length of [Appellant's] registration

---

[3] On May 11, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On May 29, 2015, Appellant filed his Rule 1925(b) statement. On July 8, 2015, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

requirement was a bargained for term of the plea agreement between the parties and, if so, whether the retroactive application of SORNA constitutes a breach of that agreement?

(Appellant's Brief, at 4) (emphasis in original).

In his first claim, Appellant contends that the trial court erred in treating his petition as a request for relief under the PCRA. (*See* Appellant's Brief, at 14-15). We agree, but decline to remand the matter because Appellant has not demonstrated that he is entitled to relief on the underlying merits of his claim.

In *Commonwealth v. Partee*, 86 A.3d 245, 247 (Pa. Super. 2014), *appeal denied*, 97 A.3d 744 (Pa. 2014), this Court held that claims that the Commonwealth had violated a plea agreement by the retroactive application of SORNA did not fall within the ambit of the PCRA. *See Partee*, *supra* at 247. However, despite this, in *Partee*, we affirmed the decision of the trial court after addressing the merits of the appellant's underlying contention. *See id.* at 247-50; *see also Commonwealth v. Bundy*, 96 A.3d 390, 394-96 (Pa. Super. 2014) (holding trial court erred in treating appellant's challenge to retroactive application of SORNA as PCRA petition but reversing on merits rather than because of procedural error).

In the instant matter, the trial court held an evidentiary hearing on the matter. (*See* N.T. Hearing, 4/10/15, at 2-55). In its opinion, it acknowledged its error in treating the petition as a PCRA petition and decided the underlying claim on the merits. (*See* Trial Ct. Op., at 1). In

reaching its decision, it did not cite to PCRA decisions, but rather adopted the reasoning of those decisions of this Court that have analyzed these petitions under the principles of contract law. (**See id.** at 6-9). While the trial court briefly alludes to the fact that, under the PCRA, the petition was untimely, it did not dismiss it on that basis. (**See id.**; **see also** Trial Court Order, 4/13/15, at 1-2 ¶¶ C-D).

Moreover, we note that Appellant's argument on this issue consists of citations to case law stating that his petition should not have been treated as a PCRA petition, combined with a conclusory statement that the trial court erred in denying "the [p]etition after applying the PCRA standards." (Appellant's Brief, at 14-15). Nowhere does Appellant explain how the trial court's error harmed him or how the result would have been different if the trial court had treated the petition under a different standard. (**See id.**). Accordingly, we find that the trial court's error in treating Appellant's pleading as a PCRA petition was harmless and we decline to reverse its decision because of this error.

In his second claim, Appellant alleges that the trial court erred in concluding "that [Appellant's p]etition was procedurally defective because it was filed in his criminal case, and the only way [Appellant] could obtain the relief he requested in his [p]etition was by filing a writ of mandamus." (**Id.**, at 15). The record does not support Appellant's contention.

In both the order denying Appellant's petition and in its Rule 1925(a) opinion, the trial court noted a Commonwealth Court decision, **Coppolino v. Noonan**, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014), *affirmed*, 2015 WL 7433285 (Pa. November 20, 2015), which held that a writ of *mandamus* **can** be a means of challenging the retroactive application of SORNA. (**See** Trial Ct. Order, at 2 ¶ E; Trial Ct. Op., at 10). The trial court then stated:

> [the trial court] acknowledge[s] that a *mandamus* action is an appropriate way to pursue the relief [Appellant] seeks. In [the trial court's o]rder, [it] sought to clarify as much, stating that [the trial court was] in no way limiting [Appellant] from pursuing relief via a *mandamus* action. However a writ of *mandamus* is a civil remedy, and there is simply no way that [the trial court] could address such a claim captioned to his criminal case.

(Trial Ct. Op., at 10). As noted above, the trial court decided Appellant's claim on the merits. (**See id.** at 6-9; **see also** Trial Court Order, at 1-2 ¶¶ C-D). There is nothing in this *dictum* that demonstrates that the trial court denied the petition because it was not filed as a writ of *mandamus* or was filed inappropriately in the criminal case. Appellant's claim lacks merit.

In his final claim, Appellant argues the trial court erred in finding that his petition lacked merit and in holding that the ten-year registration requirement was not a term of his plea agreement. (**See** Appellant's Brief, at 17-20). Prior to reaching the merits of Appellant's claim, we must decide if it is properly before us. Pennsylvania Rule of Appellate Procedure 1925 provides that issues that are not included in the Rule 1925(b) statement or raised in accordance with Rule 1925(b)(4) are waived. **See** Pa.R.A.P.

1925(b)(4)(vii); *see also Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in Commonwealth v. Burton*, 973 A.2d 428, 430 (Pa. Super. 2009).

Here, in his Rule 1925(b) statement, Appellant alleged that the trial court erred in concluding that his petition challenged the legality of sentence; that the trial court erred in treating the petition as a PCRA petition; and that the trial court erred in declining to "hear/consider" Appellant's petition because it was filed as part of the criminal case rather than as a *mandamus* action. (*See* Statement of Errors on Appeal, 5/29/15, at 1). Appellant did not raise the issue that the trial court erred in finding that the ten-year registration requirement was not a term in his plea agreement. Thus, because Appellant did not raise this issue in his Rule 1925(b) statement, he waived it. *See* Pa.R.A.P. 1925(b)(4)(vii).

Moreover, the claim is without merit. Our review is governed by the following principle: "In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the terms of the agreement." *Commonwealth v. Hainesworth*, 82 A.3d 444, 447 (Pa. Super. 2013), *appeal denied*, 95 A.3d 276 (Pa. 2014) (quotation marks and citation omitted). "*Hainesworth* and *Partee*, stand for the proposition that this Court will specifically enforce parties' plea bargains." *Commonwealth v. Giannantonio*, 114 A.3d 429, 435 (Pa. Super. 2015).

In the instant matter, unlike in **Hainesworth**[4] and **Partee**,[5] there is no evidence that Appellant's guilty plea was negotiated or structured so that he would only be required to register for a ten-year period. The record shows that Appellant entered an open guilty plea, the only bargained—for term was that the Commonwealth would withdraw the burglary charge, a charge that did not impact Appellant's status a sex offender. (**See** N.T. Sentencing, 5/23/12, at 2, 16). Moreover, at sentencing, the Commonwealth specifically warned Appellant that, because of the pending changes to the law, it was likely that he would be required to register for longer than ten years. (**See id.** at 17). Despite this warning, Appellant never sought to withdraw his guilty plea, and did not file a direct appeal challenging the validity of his plea. We agree with the trial court's conclusion that there was:

> no evidence supporting [Appellant's] claim that he bargained for limited registration requirements. Despite [Appellant's] assertion that registration limits were important to him in agreeing to the plea deal, there was nothing in the plea agreement evincing that the limited registration requirements were negotiated. [The trial court's] conclusion finds support in the testimony of the [assistant district attorney] that the length

---

[4] In **Hainesworth**, as part of the plea bargain, the Commonwealth specifically withdrew the charges that would have obligated the defendant to register as a sex offender. **See Hainesworth**, **supra** at 448-49.

[5] Likewise, in **Partee**, the plea agreement was specifically structured so that the defendant would be subject to a shorter registration period. **See Partee**, **supra** at 249.

of registration requirements had nothing to do with the plea deal.

\* \* \*

In fact the record suggests that [Appellant] was on notice that the laws were probably going to change.

(Trial Ct. Op., at 8-9). We agree that no relief is due.

Appellant has not demonstrated through credible evidence that, based upon his plea agreement, he was not required to register pursuant to SORNA. **See Giannantonio**, **supra** at 435-36. The trial court properly denied Appellant's "Petition to Enforce Specific Terms and Conditions of Plea Agreement and to Avoid Retroactive Application of SORNA Registration Requirements." Thus, even if Appellant had not waived the issue, he is not entitled to relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/21/2016