J-S28038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CARLOS GENE MOOSE, JR. | : | |
| | : | |
| Appellant | : | No. 1897 MDA 2014 |

Appeal from the Order Dated October 17, 2014
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000798-1988

BEFORE:  BENDER, P.J.E., BOWES, J., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:            **FILED: JANUARY 11, 2019**

Carlos Gene Moose, Jr., appeals from the order, entered in the Court of Common Pleas of York County, denying his motion to enforce a negotiated plea agreement and to enjoin any requirement that he register under the Sex Offender Registration and Notification Act ("SORNA").[1]  Moose's appeal is

---

[1] 42 Pa.C.S.A. §§ 9799.10 *et seq*.  SORNA was originally enacted on December 20, 2011, effective December 20, 2012, and then amended on July 5, 2012, also effective December 20, 2012.  In response to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), the General Assembly passed Acts 10 and 29 of 2018 to cure SORNA's constitutional defects.  **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**].") Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date, i.e., December 20, 2012.  Moreover, the General Assembly added Subchapter I to Title 42, Part VII, Chapter 97.  Subchapter I sets forth registration requirements that apply to all offenders convicted of committing offenses on or after the effective date of Megan's Law I (April 22, 1996), but prior to

before us pursuant to the Pennsylvania Supreme Court's order of February 23, 2018, which vacated our June 8, 2015 disposition and remanded for reconsideration in light of its decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). In **Muniz**, the Court held that the registration requirements set forth under SORNA constitute criminal punishment. Accordingly, the Court held that retroactive application of the registration requirements violates the *ex post facto* clause of the Pennsylvania Constitution. **Id**. at 1218-19. After consideration of **Muniz**, we reverse and remand.

In 1987, Moose participated in the rape and murder of Judy Ketterman, whom police found dead beneath a railroad bridge along Codorus Creek in York County. Moose restrained the victim while his co-defendant raped her and held a knife to her throat.

Following a remand from our Supreme Court,[2] Moose was scheduled for re-trial. On May 9, 1995, Moose pled guilty pursuant to a negotiated plea

_____

SORNA's effective date (December 20, 2012), whose period of registration has not expired, as well as those offenders required to register under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired. We note that the Supreme Court recently granted review, in its original jurisdiction, to determine the issue of whether Acts 10 and 29 are constitutional. **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

[2] The Pennsylvania Supreme Court reversed Moose's conviction in 1992 on the grounds of prosecutorial misconduct. **See Commonwealth v. Moose**, 602 A.2d 1265 (Pa. 1992).

- 2 -

agreement. In exchange for pleading guilty to third-degree murder,[3] rape,[4] and criminal conspiracy to commit rape,[5] Moose received an aggregate sentence of 15 to 30 years' incarceration.

At the time Moose committed his offenses, and at the time he entered his plea, Pennsylvania had not yet enacted Megan's Law legislation. On December 20, 2012, SORNA went into effect, requiring lifetime registration.[6] Moose was informed he was subject to SORNA and would be required to submit to lifetime registration as a sex offender with the Pennsylvania State Police. **See supra**, n. 6.

On August 13, 2014, Moose filed a motion to enforce the negotiated plea agreement and enjoin any requirement that he register under SORNA. On October 27, 2014, the trial court denied Moose's motion to enforce his plea. Moose filed a timely appeal.

We first address our jurisdiction, and we rely on this Court's recent decision in **Commonwealth v. Fernandez**, 2018 PA Super 245 (September 5, 2018) (en banc). There, this Court reviewed the consolidated appeals of

---

[3] 18 Pa.C.S.A. § 2502(c).

[4] 18 Pa.C.S.A. § 3121.

[5] 18 Pa.C.S.A. §§ 903, 3121.

[6] Under SORNA, persons convicted of rape, 18 Pa.C.S.A. § 3121, or conspiracy to commit rape, 18 Pa.C.S.A. §§ 903 and 3121, are categorized as Tier III offenders and are required to register as sex offenders for the remainder of their lives. **See** 42 Pa.C.S.A. §§ 9799.14(d)(2), (14) and 9799.15(a)(3).

nineteen appellants, each of whom filed a "Petition to Enforce Plea Agreement or for a Writ of Habeas Corpus," all of which were denied by the trial courts. The *Fernandez* appellants challenged the retroactivity of SORNA to their cases, and this Court, granting the relief, stated, "Appellants filed petitions to enforce their plea agreements, and the trial court denied these in subsequent orders. *We see no reason to conclude Muniz overruled our jurisdiction to review the decisions of trial courts to enforce plea agreements*[.]" *Id.* at *6 (emphasis added). Moose, like the *Fernandez* appellants, was not proceeding under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and, instead, was afforded relief under a theory of enforcement of plea agreement. Moose sits in procedurally similar posture as the nineteen appellants in *Fernandez*; specifically, his position is comparable to two of the *Fernandez* appellants, Wilson and Colbert.

Wilson and Colbert pled guilty to crimes that, at the time, did not require any period of registration as sexual offenders. *Fernandez*, at *1. Thus, neither Wilson nor Colbert, like Moose, had registration requirements imposed as a result of their pleas. The only distinction separating Moose from Wilson and Colbert is that Wilson and Colbert violated parole years later and were resentenced and notified at that time that they had to register under SORNA. Here, Moose, who pled guilty in 1995 and is serving a 15-30 year sentence, did not violate parole; rather, he was informed (sometime after 2012), that he would have to register under SORNA. Beyond that, there is no significant

distinction between Moose and the *Fernandez* appellants, Wilson and Colbert.

The *Fernandez* Court, concluding the cases were properly before us, stated:

> The law on the enforcement of plea agreements is well established. Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. In determining whether a particular plea agreement has been breached, we look to what the parties to this plea agreement reasonably understood to be the term of the agreement. When the Commonwealth's promise or agreement provides consideration for the defendant's acceptance of the plea, the Commonwealth must fulfill that promise. . . . Following *Muniz*, SORNA's sexual offender requirements may not be imposed retroactively on any defendant, regardless of whether the defendant accepted a plea bargain or was convicted at trial. Even offenders who, like Appellants, were sentenced before SORNA became law, have since violated the terms of their probation, and have been resentenced, are not subject to retroactive application of SORNA's requirements. . . . Consequently, we find *Muniz* abrogates [*Commonwealth v.*] *Partee*, [86 A.3d 245 (Pa. Super. 2014),] and hold Appellants are not subject to SORNA's retroactive registration increases. . . . *Appellants are instead subject to the original periods of sexual offender registration and conditions imposed at the time of their plea bargains, **if applicable**.*"

*Fernandez*, at *6-9 (emphasis added).

Further, we find unconvincing the suggestion that *Fernandez* is inapplicable because registration requirements did not exist at the time of Moose's plea and thus were not a consideration for him when he accepted the plea. We look to what Moose and the Commonwealth reasonably understood to be the terms of the plea agreement, and registration under SORNA was not a term. There was no Megan's Law applicable to Moose at the time he committed his offenses or entered his plea. Similarly, in *Fernandez*, Megan's

Law did not apply to appellants Wilson's and Colbert's offenses at the time they entered their pleas, hence our en banc court's phrase, "if applicable." **Id.** We see no significant distinction, and we conclude, pursuant to **Fernandez**, that our jurisdiction is not compromised.[7] **Fernandez**, supra at *6. In accordance with our Supreme Court's remand order, we now address Moose's argument in light of **Muniz**.

On appeal, Moose argues that his forced compliance with the registration requirement of SORNA violates due process of law, fundamental fairness, and the negotiated plea agreement he entered with the Commonwealth. In our prior determination, we concluded that Moose was subject to the registration requirement of SORNA, relying on **Commonwealth v. Perez**, 97 A.3d 747, 760 (Pa. Super. 2014). In **Perez**, this Court held retroactive application of SORNA did not violate the *ex post facto* clauses of the Pennsylvania and United States Constitutions. **Id.** at 760. However, the **Muniz** decision renders SORNA an unconstitutional *ex post facto* law as applied to Moose.

In **Muniz**, the defendant was convicted in 2007 of two counts of indecent assault. He was scheduled for sentencing later that year, "at which

---

[7] We note that the recent decision in **Commonwealth v. Johnson**, 2018 PA Super 336 (filed December 10, 2018), is distinguishable here. Johnson filed a petition for habeas corpus, which the **Johnson** Court reviewed as a PCRA petition, stating: "[T]he PCRA clearly offers a remedy for the requested relief, *i.e.* the retroactive application of **Muniz**[,]" and concluding that since Johnson's judgment of sentence became final more than twenty-five years ago, "the instant petition does not qualify as an exception to the PCRA's time-bar." Id. at *3.

time he would have been ordered to register as a sex offender with the Pennsylvania State Police for a period of ten years pursuant to then-effective Megan's Law III." *Muniz*, 164 A.3d at 1192 (citing 42 Pa.C.S.A. § 9795.1 (expired)). Before he could be sentenced, however, Muniz absconded; it was not until 2014 that he was apprehended and later sentenced. *Id.* At his sentencing in 2014, Muniz was ordered to comply with the lifetime registration provisions under the then-enacted SORNA, which had replaced Megan's Law III in his absence. Muniz filed post-sentence motions, seeking application of the ten-year registration period under Megan's Law III, which was the law at the time he committed his offenses and was convicted, instead of lifetime registration under SORNA. The trial court denied that motion and, on appeal to this Court, Muniz unsuccessfully argued, *inter alia*, that retroactive application of SORNA violates the *ex post facto* clauses of the United States Constitution and the Pennsylvania Constitution. This Court affirmed Muniz's judgment of sentence. *Commonwealth v. Muniz*, No. 2169 MDA 2014 (unpublished memorandum, Pa. Super. filed August 7, 2015).

On appeal, our Supreme Court reversed this Court's decision and vacated the portion of the sentence requiring Muniz to comply with SORNA. Five of the six participating justices held that SORNA's enhanced registration provisions constitute punishment, notwithstanding the General Assembly's

identification of the provisions as nonpunitive,[8] *Muniz*, 64 A.3d at 1218, and further, determined that retroactive application of SORNA's registration provisions violates the *ex post facto* clause of the Pennsylvania Constitution.[9] *Id.* at 1218-19. Thus, the binding precedent arising out of *Muniz* is limited to the finding that SORNA's registration requirements violate the *ex post facto*

---

[8] *See* Declaration of Policy, 42 Pa.C.S.A. § 9799.11(b)(2) ("It is the policy of the Commonwealth to require the exchange of relevant information about sexual offenders among public agencies and officials and to authorize the release of necessary and relevant information about sexual offenders to members of the general public as a means of assuring public protection and shall not be construed as punitive."). *See also* Legislative Findings, 42 Pa.C.S.A. § 9799.11(a)(2) ("This Commonwealth's laws regarding registration of sexual offenders need to be strengthened. The Adam Walsh Child Protection and Safety Act of 2006 provides a mechanism for the Commonwealth to increase its regulation of sexual offenders in a manner which is nonpunitive but offers an increased measure of protection to the citizens of this Commonwealth.").

[9] Article I, Section 17 of the Pennsylvania Constitution provides: "No *ex post facto* law, nor any law impairing the obligation of contracts, or making irrevocable any grant of special privileges or immunities, shall be passed." Pa. Const., art. I, § 17. The *Muniz* Court noted that Muniz's seven-year absence from the Commonwealth did not affect its decision; had Muniz been sentenced in 2007 and subject to registration under Megan's Law III, pursuant to section 9799.13 of SORNA, his ten-year registration period would have converted to a lifetime registration period when SORNA became effective. *Muniz*, 64 A.3d at 1193 n.3.

clause of the Pennsylvania Constitution.[10] **See Commonwealth v. Hart**, 174
A.3d 660, 666 n.9 (Pa. Super. 2017).[11]

We reconsider this case in light of **Muniz** mindful of the following:

Critical to relief under the *ex post facto* clause is not an individual's right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. Based on these concerns, [in **Calder v. Bull**, 3 U.S. 386 (1798),] Chief Justice Chase set out four categories of laws that violate such prohibitions:

1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2nd. Every law that aggravates a crime, or makes it greater than it was, when committed. 3rd. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offense, in order to convict the offender.

---

[10] Although a plurality Opinion Announcing the Judgment of the Court ("OAJC") has no precedential value, "where a concurring opinion enumerates the portions of the plurality's opinion in which the author joins or disagrees, those portions of agreement gain precedential value." **Commonwealth v. Brown**, 23 A.3d 544, 556 (Pa. Super. 2011). In **Muniz**, the OAJC found that SORNA violates the *ex post facto* clauses under both the Pennsylvania and United States Constitutions. Justice Wecht's Concurring Opinion, joined by Justice Todd, found that SORNA violates the Pennsylvania Constitution and declined to consider whether SORNA violates the United States Constitution.

[11] Additionally, since the **Muniz** Court determined the registration requirements were punitive, this Court later held that a portion of SORNA's framework for designating a convicted defendant an SVP, 42 Pa.C.S.A. § 9799.24(e)(3), was unconstitutional. **See Commonwealth v. Butler**, 173 A.3d 1212, 1218 (Pa. Super. 2017) (holding section 9799.24(e)(3) of SORNA unconstitutional as it "specifies clear and convincing evidence as the burden of proof required to designate a convicted defendant as an SVP.").

> Furthermore, two critical elements must be met for a criminal or penal law to be deemed *ex post facto*: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. As such, [o]nly those laws which disadvantage a defendant and fall within a ***Calder*** category are *ex post facto* laws and constitutionally infirm. The *ex post facto* clauses of the United States and Pennsylvania Constitutions are implicated here because a holding rendering the effects of SORNA's registration requirements punitive would place the statute into the third ***Calder*** category: application of the statute would inflict greater punishment on appellant than the law in effect at the time he committed his crimes.

***Muniz***, 164 A.3d at 1195–96 (quotation marks, unnecessary capitalization, and some citations omitted) (emphasis added). "The ***Muniz*** Court held that Pennsylvania's SORNA is an unconstitutional Ex Post Facto law when applied retroactively to those sexual offenders convicted of applicable crimes before the [A]ct's effective[] date and subjected to increased registration requirements under SORNA after its passage." ***Commonwealth v. McCullough***, 174 A.3d 1094, 1095 (Pa. Super. 2017); ***Hart***, *supra*.

As in ***Muniz***, the *ex post facto* clause of the Pennsylvania Constitution is implicated here because application of SORNA's registration requirements would inflict greater punishment on Moose than the law in effect in 1987, the time he committed his crimes. ***Muniz***, *supra*. SORNA became effective on December 20, 2012, after Moose committed the instant offenses. At the time of his offenses and his plea, Pennsylvania had not yet enacted Megan's Law legislation or, in particular, SORNA. Thus, enforcement of the requirement that Moose register under SORNA would constitute a greater punishment than what would have been imposed under the law in effect at the time the crimes

were committed. As such, retroactive application of these enhanced registration requirements runs afoul of constitutional *ex post facto* prohibitions. ***Muniz***, 164 A.3d at 1193, 1216. ***See also Fernandez***, ***supra***.

Thus, we are constrained to conclude that Moose is not required to register under SORNA. Since Moose's offenses occurred prior to any version of Megan's Law or SORNA, the post-***Muniz*** legislation does not apply to him. We reverse the trial court's order denying Moose's motion to enforce the plea agreement and to enjoin registration requirements, and we remand with instructions to vacate that portion of Moose's sentence requiring him to comply with SORNA.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

President Judge Emeritus Bender joins this Memorandum.

Judge Bowes files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>01/11/2019</u>

- 11 -